[Criminal No. 475.   Filed April 28, 1920.]

[189 Pac. 429.]

D. M. MADISON, Appellant, v. STATE, Respondent.

1. FALSE PRETENSES—NAME OF PERSON DEFRAUDED SHOULD BE SET FORTH IN INFORMATION FOR OBTAINING PROPERTY BY BOGUS

———————

1. For authorities on question as to how false pretenses must be charged in indictment or information, see note in 30 Am. St. Rep. 134.

CHECK.—In prosecution, under Penal Code of 1913, section 532, for obtaining property and cash with intent to cheat and defraud by means of a false or bogus check, name of person or persons on whom fraud was perpetrated should be set forth in information to identify person.

2. FALSE PRETENSES—VARIANCE BETWEEN INFORMATION AND EVIDENCE AS TO IDENTITY OF EMPLOYEE WHO TOOK BOGUS CHECK NOT MATERIAL.—In prosecution for obtaining merchandise and cash from firm by means of bogus check passed to a named employee with intent to defraud firm, evidence showing transaction was through employee of firm other than one named in information was not a material variance.

3. INDICTMENT AND INFORMATION—DEFECT IN INFORMATION WAIVED BY FAILURE TO DEMUR AND CURED BY VERDICT.—In prosecution for obtaining merchandise and cash by means of bogus· check passed to employee of firm, though names of members composing firm should have been set forth in information, defendant cannot raise point, having waived it by conduct in not demurring; defect having been cured by verdict.

4. CRIMINAL LAW—JUDICIAL NOTICE ·CITY IS WITHIN COUNTY—EVIDENCE SUFFICIENT TO SHOW VENUE.—Venue as laid in information for obtaining merchandise and cash by means of bogus check held sufficiently established by evidence transaction took place in defrauded firm's store in city of Phoenix, judicially known to be county seat of Maricopa county, and within its boundaries, where the information laid the offense.

5. CRIMINAL LAW—JUDICIAL NOTICE TAKEN OF STATUTE BOUNDING COUNTY.—Courts alway take judicial notice of public laws of state, as Civil Code of 1913, paragraph 2373, defining boundaries of Maricopa county, and fixing Phoenix as county seat.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Walton & Bailey, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Clyde M. Gandy, Mr. L. B. Whitney, Mr. Alexander B. Baker, and Mr. F. J. K. McBride, Assistant Attorneys General, and Mr. L. M. Laney, County Attorney, for the State.

4, 5. Upon the question of judicial notice by courts with respect to counties and county seats, see notes in 82 Am. St. Rep. 442; 124 Am. St. Rep. 34.

ROSS, J.—The information charged appellant, under paragraph 532, Penal Code, with the crime of obtaining merchandise of the value of $30 and $12.50 in cash from Hyder Brothers by the means and use of a false and bogus check passed and uttered to "one Boyd O'Daniel, then and there an employee of Hyder Brothers," with the intent to cheat and defraud said Hyder Brothers.

The evidence on the trial showed that the transaction was carried on through one Ed Doheney, an employee of Hyder Brothers, instead of Boyd O'Daniel. At the close of the evidence, appellant moved for "an instructed verdict of acquittal on account of the insufficiency of the evidence."

In the argument appellant contends that this was a material variance between the allegations of the information and the proof, and that therefore his motion should have been granted.

The gist of the offense, under this statute, is the obtaining of the property or money of some other person with the intent to cheat and defraud by the means or use of a false or bogus check. The name of the person or persons on whom the fraud was perpetrated should doubtless be set forth in the information so as to identify the offense. In this case the injured persons were alleged to be Hyder Brothers, the name of the employee of Hyder Brothers upon whom this imposition was perpetrated is not an essential ingredient of the offense. He being merely the agent of the injured party or parties, the injury was not against him, but against his principals. It is not shown that appellant had any other transaction or dealings with Hyder Brothers than this one, and he cannot therefore claim that he was misled to his injury by reason of the discrepancy between the allegations of the information and the evidence as to the identity of the agent who cashed the bogus check. The trans-

action was sufficiently identified so that upon another charge, if one were preferred, he would have no difficulty in establishing a plea of former jeopardy.

Appellant in his argument suggests that the description of the injured parties is insufficient; he says that Hyder Brothers are not "a person or persons" as designated in the statute. However, he went to trial without demurring to the information, and, granting that the names of the members composing the partnership should have been set forth, appellant is not in a position to raise the point, having by his conduct waived it. The defect was cured by the verdict. *Laycock* v. *State,* 136 Ind. 217, 36 N. E. 137; 22 Cyc. 486, par. 7.

We think the venue as laid in the information was sufficiently established. The witnesses for the prosecution, as also the defense, stated that the transaction charged as constituting the offense took place in Hyder Brothers store in the city of Phoenix. No witness stated that the transaction took place in the county of Maricopa as laid in the indictment. However, it is a matter of common knowledge that Phoenix is the county seat of Maricopa county and is within its boundaries. Jones on Evidence, volume 1, section 108c, lays down this rule:

"It may be stated as a general rule that courts take judicial notice of the location of important cities or towns. The rule is well settled and universally adhered to that, in both civil and criminal cases, the courts take judicial notice that a certain city or town named is in a particular county, though the latter is not named."

See also, Underhill on Criminal Evidence, 2d ed., § 21.

The courts always take judicial notice of the public laws of the state. The statute, paragraph 2373, Civil Code, defining the boundaries of Maricopa county, fixes Phoenix as the county seat.

No prejudicial error having been pointed out, and discovering none, the judgment of conviction is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.