(No. 35808.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD GREER, Plaintiff in Error.

*Opinion filed October 31, 1960.*

CLARKSTON & SCOTT, of Chicago, (LUCAS T. CLARK-STON, and MAURICE SCOTT, JR., of counsel,) for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Richard Greer, referred to herein as the defendant, was convicted in the criminal court of Cook County of the crime of dispensing narcotic drugs and has sued out a writ of error to review the judgment of conviction.

Two errors are assigned, the first being that the indictment was insufficient to charge an offense under the statute. The statute provides as follows: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug except as authorized in this Act. No person shall unlawfully use or be addicted to the unlawful use of narcotic

drugs." (Ill. Rev. Stat. 1955, chap. 38, par. 198.2). The act specifies certain conditions under which the sale, possession, or dispensing of narcotics is lawful and not subject to prosecution. (Ill. Rev. Stat. 1955, chap. 38, par. 192.5 *et seq.*) Section 21 of the Uniform Narcotic Drug Act provides as follows: "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

The indictment in the present case charged "That one Richard Greer and one James Clark late of the County of Cook, on the ninth day of May in the year of Our Lord one thousand nine hundred and fifty-seven in said County of Cook, in the State of Illinois aforesaid, unlawfully, feloniously, wilfully and knowing dispensed to Spellman Young otherwise than as authorized in the Uniform Narcotic Drug Act of said State of Illinois, then in force and effect, a large amount, to-wit: one package (the exact quantity of which is unknown to said Grand Jurors) of a certain narcotic drug, to wit: opium, that is to say, heroin, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

Defendant contends that the indictment is defective since it did not specifically negative the various exceptions. We find no merit to this contention. The indictment did allege that the dispensing was otherwise than as authorized in the Uniform Narcotic Drug Act. Section 21 plainly states that it shall not be necessary to negative any exception, excuse, proviso or exemption. In *People* v. *Yeargain,* 3 Ill.2d 25, we held that this section made it unnecessary to allege in the indictment that the drug in question was not one which was excluded from the act. Defendant relies upon *People* v. *Barnes,* 314 Ill. 140, decided under the Illi-

nois Prohibition Act. We there held that an indictment charging unlawful manufacture, possession, and sale of intoxicating liquor was insufficient since it did not allege that the liquor was not of the kind excepted under the act. We said in that case: "The various acts specified in section 3 may be lawful or unlawful, hence a definite charge cannot be made under the Act without an allegation that the accused person is not within the exceptions contained in the Statute." (*People* v. *Barnes*, 314 Ill. 140, 143.) Our holding is that the *Barnes case* is not in conflict with our holding here, for in that case the indictment did not allege that the manufacture, possession and sale of the liquor was otherwise than as authorized by the act. The indictment in the present case contained such an allegation and was sufficient to charge a crime under the act.

The second assignment of error is that the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. The State's evidence was that one Spellman Young, a narcotic seller and user, called defendant and arranged an appointment to buy narcotics from him. The police officers saw Young keep his appointment with defendant in an automobile, followed the car until Young got out, ascertained that Young had a package of narcotics, again followed the car and arrested defendant and one James Clark. Young testified that defendant gave him the package of narcotics in the car. Defendant testified that Young called him and asked him to stop by Young's house. He stopped and picked up Young and they drove around the block. Young said that he was in trouble and wanted to borrow some money. Defendant denied giving any narcotics to Young. The evidence showed that Young was being held on another narcotics charge and he testified that his case was going to be disposed of after he had testified for the State in defendant's case. He denied that any promise of reward had been given to him. Defendant argues that the evidence was insufficient, since it was based in

large part upon the testimony of Young, an informer and user of narcotics. The credibility of the witnesses was a matter for the trial judge to determine, and if he believed the testimony of Young, there is ample evidence to sustain the judgment of conviction. We will not disturb the trial judge's finding.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*