[Crim. No. 1455.   Fourth Dist.   Nov. 14, 1960.]

THE PEOPLE, Respondent, v. GOODLOW BAKER RUCKER, Appellant.

Goodlow Baker Rucker, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment of conviction of a violation of Penal Code, section 288a, after a jury trial.

Defendant's contention that the evidence is insufficient to sustain the judgment is without merit. The offense of which he was convicted occurred in a public restroom having several stalls. By looking through the opening beneath the bottom of a stall door, an elevator man working in the building observed the feet of two men in one of the stalls. He summoned three other men employed in the building, one of whom looked over the top of the stall partition and observed defendant committing the offense with another man named Smith. The police were called and defendant and Smith were restrained from leaving the stall until the police arrived. While defendant and Smith were being held within the stall pending arrival of the police, the sounds of a struggle were heard from within the stall. A few minutes later the police arrived, removed defendant and Smith from the stall and placed them under arrest. Defendant had a small fresh cut over his right eye.

At the time of his arrest, defendant did not state that he had been forced to commit an act of sex perversion by Smith. Both defendant and Smith were searched when placed under arrest and no knife or other weapon was found upon the person of either man or in the vicinity of the stall. During subsequent interrogations by the police, defendant did not mention that Smith had threatened or assaulted him. When questioned by the arresting officer as to how he had received his injury, defendant said he could not recall.

The following day, while being interrogated by police officers, the defendant said he had been injured in a fall while walking on the street. During this same interrogation, the defendant said that during the preceding evening he had met Smith while drinking in a bar; that they left about the same time and defendant walked along the street in quest of a taxi. Then defendant went into the public restroom in question and entered a stall therein. Smith entered the same stall and before defendant could conveniently ask him to leave they were arrested.

At the trial, defendant testified to a different version of these events. He did not deny the commission of the act charged but testified that Smith forced him to commit the act by threatening him with a knife. Defendant testified that he

was afraid that if he did not commit the act of sex perversion Smith would kill him.

It is clear that the evidence is sufficient to support the verdict. ■ Although defendant's testimony, if believed by the jury, would have justified an acquittal, the jury was not obligated to believe his testimony. (*People* v. *Klinkenberg*, 90 Cal.App.2d 608, 626 [204 P.2d 47, 613].) It is within the exclusive province of the jury to determine the credibility of witnesses. Here, the defendant's testimony was contradicted by that of witnesses and by his prior inconsistent statements. The evidence introduced by the prosecution was sufficient to support the verdict of guilty. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

Appellant complains that he was not adequately represented by counsel in that his counsel (a) failed to investigate the case and prepare a defense; (b) refused to introduce favorable evidence; (c) failed to cross-examine witnesses; (d) did not object to incompetent evidence; and (e) that his attorney represented conflicting interests in that he represented both defendant and his purported assailant Smith.

■ An examination of the reporter's transcript of the testimony presented, arguments of counsel and instructions to the jury, fails to reveal any inadequacy or professional misconduct of defense counsel. The prosecution witnesses were thoroughly cross-examined by defense counsel. Timely objections by counsel caused the court to exclude portions of a tape recording of a conversation between defendant and police officers. Witnesses were called on defendant's behalf and defense counsel elicited their testimony by effective direct examination. A thorough and adequate argument was made to the jury by defense counsel. The best evidence of the competency, alertness and care of any attorney is the record in the case. (*People* v. *Ives*, 17 Cal.2d 459, 477 [110 P.2d 408].) Here, the record shows that defense counsel was diligent and competent.

Defendant's contention that his counsel knowingly represented conflicting interests is not supported by the record. Smith apparently entered a guilty plea to a violation of Penal Code, section 288a, prior to defendant's trial. Whether or not defendant's trial counsel also represented Smith at an earlier time does not appear in the record. ■ Matters which do not appear in the record cannot be considered by a court on review. (*People* v. *Graff*, 104 Cal.App.2d 32, 34 [230 P.2d 654].) ■ During the trial, defendant made no com-

plaint or protest to the trial court indicating dissatisfaction with counsel. He cannot now raise the point for the first time on appeal. (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743]; *People* v. *Smith,* 164 Cal.App.2d 510, 513 [330 P.2d 678].)

The defendant also urges that the trial court committed error when it excluded from evidence portions of a tape recording of a conversation between defendant and several police officers. The record discloses that the court, ruling upon objection by defense counsel, excluded the portion of the conversation that occurred after an unlawful inducement by the police. Defendant now alleges that the excluded portion of the conversation was favorable to him. The record reveals that defense counsel had in his possession a transcript of the tape recording when he made the objection. A presumption exists that an attorney has performed his duty in protecting his client's interest. (*People* v. *Gay,* 37 Cal.App.2d 246, 247 [99 P.2d 371].)

Defendant next contends that the district attorney committed prejudicial error in cross-examining defendant's character witnesses who had testified to defendant's good reputation as to the traits of morality, chastity and heterosexuality. The witnesses were asked whether they had heard a report that defendant had previously been arrested for making a lewd suggestion and advance to a paperboy in his apartment. The witnesses denied hearing such a report and the trial court immediately instructed the jury to disregard the question entirely and stated that the mere asking of a question is not evidence of the facts implied in the question. In the absence of bad faith on the part of the district attorney, the asking of these questions was not error. (*People* v. *Boone,* 126 Cal.App.2d 746 [273 P.2d 350]; *People* v. *Cummings,* 141 Cal.App.2d 193 [296 P.2d 610].) Equally lacking in merit are the other assertions in defendant's brief claiming misconduct on the part of the district attorney.

Appellant complains that the court's interrogation of him indicated that the court was prejudiced against him. The record indicates that during his direct examination and cross-examination defendant testified that when Smith displayed his knife defendant saw that he "meant business" and that he then submitted to Smith to avoid getting hurt. At the conclusion of the defense counsel's redirect examination, the court interrogated defendant further seeking to elicit further information as to defendant's state of mind at the time he

committed the act charged. No objection was made to the court's examination. ▮ It is proper for a trial court to conduct a reasonable examination of a witness and such may not be assigned as error on appeal, particularly where no objection was made at the time of trial. (*People* v. *Corrigan,* 48 Cal.2d 551, 559 [310 P.2d 953].)

Defendant states that the court erred in not compelling Smith to testify. When Smith was called by the defendant, he refused to answer certain questions, invoking the privilege against self-incrimination. We perceive no error in this regard. ▮ It is the function of the trial court to determine if a question tends to incriminate. The test is " 'whether any direct answer to a proposed question has a tendency to criminate' the witness, which is but another way of saying that the court must determine that no direct answer which the witness may make can tend to criminate him." (*In re Berman,* 105 Cal.App. 37, 49 [287 P. 126].) It is not only direct admissions of crime which are privileged but also testimony which might serve as a link in a chain upon which a conviction might be supported. (*People* v. *Lawrence,* 168 Cal.App.2d 510, 516 [336 P.2d 189].)

Defendant's complaint that the trial court should have dismissed the charges against him for lack of evidence under Penal Code, section 1111, has been shown to be without merit in our discussion of the sufficiency of the evidence *supra.*

▮ Defendant also contends that error was committed in that he was sentenced without being asked if he had any legal cause to show why judgment should not be pronounced against him. The reporter's transcript does not indicate that this question was asked but the judgment of the court recites that it was. In the absence of a contrary showing, we must conclude that the recital in the judgment is correct. In any event, since defendant was represented by counsel present at the time of sentencing, the omission of the question would not constitute prejudicial error. (*People* v. *Thomas,* 45 Cal.2d 433, 438 [290 P.2d 491].)

Defendant complains that the court committed prejudicial error in giving its instructions to the jury. He asserts that the judge said to the jury "If I were the judge I would say this man is guilty." Defendant does not refer to the part of the reporter's transcript where evidence to support his claim can be found. An examination of the record before us, which includes a transcript of the testimony, arguments of counsel and instructions to the jury, reveals that no such statement

was made. The court fully instructed the jury as to what constituted coercion which would be a defense to this crime. A review of the court's instructions indicated that the instructions were proper, adequate and complete.

No prejudicial error was committed during the trial by either the deputy district attorney or the trial judge.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied December 7, 1960, and appellant's petition for a hearing by the Supreme Court was denied January 11, 1961.