James **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16553.

United States Court of Appeals
Eighth Circuit.

June 30, 1961.

---

James Williams, appellant, filed brief, pro se.

William H. Webster, U. S. Atty., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., filed brief for the Government.

Before JOHNSEN, Chief Judge, and VOGEL and BLACKMUN, Circuit Judges.

JOHNSEN, Chief Judge.

Appellant pleaded guilty in 1956 to charges (1) of a sale of heroin in violation of 26 U.S.C. § 4705(a); (2) of an interstate transportation of heroin in violation of 26 U.S.C. § 4724(b); and (3) of a conspiracy with third parties to engage in the unlawful purchasing, receiving, concealing, transporting and selling of narcotic drugs in violation of 21 U.S.C. § 174. He was given concurrent sentences on the first and third charges and a consecutive sentence on the second.

After alleged service of the concurrent terms of his first and third sentences, he filed this motion under 28 U.S.C.A. § 2255 to have his second sentence vacated. The trial court denied the motion as without merit on its face, and he has appealed.

The first contention made here is that the acts of appellant underlying the three separate charges represented a single, continuous transaction and that they thus could not constitute more than one offense. Even if such had been the situation, the argument is, of course, without any tenable basis under the declaration in Gore v. United States, 357 U.S. 386, 389, 78 S.Ct. 1280, 1283, 2 L. Ed.2d 1405, that "The fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several regulatory controls single and identic". See also Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597. Manifestly, a transportation of narcotic drugs involves elements of proof which are not essential in establishing a sale, and vice versa,

so that no question can exist as to their capacity to constitute distinct offenses under the narcotics control statutes.

 Appellant next contends that the offense of transportation covered by his second sentence was embodied in the general offense covered by his third sentence, and that service of the second sentence would therefore subject him to double punishment. As noted above, however, the third charge was one of conspiracy and not of substantive offense. Also, the conspiracy charged was one to engage in the unlawful purchase, receipt, concealment and sale of narcotics drugs and not merely in their transportation.

 But even if the conspiracy had been simply one to engage in transportation, so that the third sentence could identifiably be said to have been imposed in relation to this element, this still would not make appellant's second sentence constitute double punishment against him. The commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses, and cumulative sentences imposed therefor are not cumulative punishments. Callanan v. United States, 364 U.S. 587, 593, 81 S.Ct. 321, 325, 5 L.Ed.2d 312.

 The final contention urged is that the second sentence is void, because 26 U.S.C. § 4724(b) was on its face incapable of having application to appellant. He argues that the section is unable to be violated by anyone except members of the class charged under the statute with the responsibility of registering and paying the regulatory tax. But it was long ago settled that the use of the term "any person", except where some express exemption has been added, gives such a section in the narcotic statutes application to all persons and not merely to the class separately required to register and pay the regulatory tax. See Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600. Also, in charging an offense under the section, it is not necessary, as appellant contends, to negative against a defendant the exemptions which it contains. 26 U.S.C. § 4724(c); Alexander v. United States, 8 Cir., 241 F.2d 351.

 All of the questions raised by appellant are matters of settled law. We would not, therefore, if the case had been one in which forma-pauperis leave had been sought to take an appeal, have granted such leave but would have denied it on the ground that the appeal would be frivolous. Equally so must the situation be thus regarded, notwithstanding that appellant has paid the fees and expenses of appealing, both in the trial court and here. The appeal will accordingly be dismissed as being frivolous.

Appeal dismissed.