**Harris WORTHEM, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 16973.

United States Court of Appeals
Eighth Circuit.

Feb. 2, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant was charged in an indictment of six counts with three separate unlawful possessions of heroin and three separate unlawful sales thereof, with the instances of possession and sale having occurred on three different dates. He was represented by employed counsel and pleaded guilty to all the charges. He was convicted and sentenced to a term of five years imprisonment on each count, with the sentences on counts 2, 3, 4, 5, and 6 to run consecutively to that on count 1, but concurrently with each other. Thus the extent of his imprisonment totaled ten years.

Service of the sentence on count 1 has been completed and appellant is now engaged in serving the concurrent sentences on counts 2, 3, 4, 5, and 6. He has previously filed a number of motions under 28 U.S.C.A. § 2255, to have his sentences vacated, all of which have been denied by the District Court.

■ His latest motion under § 2255 is one to vacate the sentence imposed on count 2, on the ground that the possession involved in count 1 and the sale involved in count 2 were of the same heroin, and that they therefore constituted only one sentenceable offense.

Appellant was charged in count 1, under 26 U.S.C.A. § 3224, Int.Rev.Code of 1939, with unlawful possession of heroin, in that he was a person who had not registered and paid the special tax required by § 2551. He was charged in count 2, under 26 U.S.C.A. § 2554, Int. Rev.Code of 1939, with unlawfully selling heroin, in that the heroin was sold not in pursuance of a written order of the person to whom the sale was made on a form issued in blank for that purpose by the Secretary of the Treasury.

Thus the charges represented violations of different statutes and not mere phases of a single general prohibition. Unlawful sale was not necessary to proof of the unlawful possession alleged, nor did the unlawful sale alleged depend upon proof that the possession was unlawful. Under § 2554, the sale charged was unlawful, regardless of whether appellant had lawful or unlawful possession of the heroin. Hence, cumulative punishments were entitled to be imposed upon appellant for possession and for sale of the same heroin. Cf. Gore v. United States, 357 U.S. 386, 389, 78 S.Ct. 1280, 1283, 2 L.Ed.2d 1405; Williams v. United States, 8 Cir., 292 F.2d 157, 158.

■ Even, however, if the charges under counts 1 and 2 had constituted

only a single sentenceable offense, appellant would not have been entitled to maintain his § 2255 motion, since he could not, within the language of that section, claim "the right to be released" from his confinement in view of the existing sentences on the remaining counts, which he was still required to serve.

The appeal pending from the filing of notice of appeal by appellant will be docketed without payment of fee, but it will thereupon be dismissed as frivolous.

Appeal dismissed.