[Crim. No. 59. Fifth Dist. Jan. 21, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. MODESTO QUERIOZ VASQUEZ, Defendant and Appellant.

Charles W. Edwards, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and John L. Giordano, Deputy Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant appealed from a conviction on the charge contained in the indictment that he "... did willfully, unlawfully and feloniously sell, a narcotic, to wit: methadone, ..." The defendant was sentenced to state's prison, the term to be served concurrently with his uncompleted sentence on a previous conviction for possession of heroin; the defendant was charged with and admitted this prior conviction upon arraignment; he was on parole at the time of the commission of the current offense.

The defendant was represented at the trial below by the Public Defender of Tulare County, and upon the appeal by an attorney appointed by this court. The appointed attorney, upon the appeal, filed a brief, orally argued the case and presented all possible points in the defendant's favor.

There was ample evidence to warrant the conviction. The chief witness for the prosecution, Augustine De La Rosa, a former narcotic agent for the State of California, testified positively that the defendant sold him some 20 "bindles" of methadone for the sum of $50. The chemist called by the state identified the substance so sold as methadone, a narcotic, the possession of which, without a proper prescription, is an offense under the laws of the state. The defendant denied flatly that he had ever sold the substance in question, or any other narcotic, to the state's agent. The jury thus had a clear choice between irreconcilable accounts of what took place, and the jury chose to believe the testimony of the state's witnesses.

Numerous points are raised on the appeal, two of which may be quickly and effectively disposed of; these are that the original arrest in the case was made illegally and without a warrant, and that the original complaint was dismissed by a magistrate, and that perhaps the reason for the dismissal may not have been contained in the court's minutes. ▮ These matters are without support in the evidence, and it is elementary that an appellate court on an appeal from a conviction cannot review matters outside of the record (*People* v. *Shroyer*, 203 Cal.App.2d 478 [21 Cal.Rptr. 460]; Witkin, Cal. Criminal Procedure, Appeal, § 682, p. 666); furthermore, any error which may have occurred prior to the filing of the indictment cannot be urged on appeal if, as is true here, no motion was made to set aside the indictment pursuant to section 995 of the Penal Code (*People* v. *Combes*, 56 Cal.2d 135 [14 Cal.Rptr. 4, 363 P.2d 4]; *People* v. *Van Eyk*, 56 Cal.2d 471 [15 Cal.Rptr. 150, 364 P.2d 326]).

▮ Next, appellant seeks to use the defense of entrap-

ment, but it is not available to appellant because " '[T]he defense of entrapment is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial [citation]. To invoke the defense it must necessarily be assumed that the act charged as a public offense was committed' (*People* v. *Schwartz*, 109 Cal.App.2d 450, 455 [240 P.2d 1024])." (*People* v. *Tillman*, 142 Cal.App.2d 404, 407 [298 P.2d 631]. See also *People* v. *Tiller*, 206 Cal.App.2d 534, 539 [23 Cal.Rptr. 876]; *People* v. *Diaz*, 206 Cal.App.2d 651, 671 [24 Cal.Rptr. 367].) As Vasquez flatly denied the sale when he testified as a witness, the defense of entrapment is unavailable to him.

Similarly, the contention that there was no proof by the state that the defendant did not have a lawful prescription for the methadone is wholly ineffective. The burden of proof in a case of this kind is on a defendant to prove possession of a lawful prescription, if one exists, and the prosecution need not negate the exception. (Health & Saf. Code, § 11501; *People* v. *Kinsley*, 118 Cal.App. 593 [5 P.2d 938]; 2 Witkin, Cal. Crimes, Crimes Against Public Peace and Welfare, § 699, pp. 638-639.)

The assertion that appellant was not adequately represented by counsel at the trial, particularly in that the public defender failed and refused to subpoena one Julio Mendoza as a witness to testify on his behalf must also fail. The refusal of appellant's counsel, if in fact there was such refusal (and in this connection there is nothing in the reporter's transcript to substantiate the claim), would not render his services fatally erroneous where appellant raised no question before the trial court on this score. (*People* v. *Seals*, 191 Cal.App.2d 734 [13 Cal.Rptr. 7]; *People* v. *Rucker*, 186 Cal. App.2d 342 [9 Cal.Rptr. 1].) As it was a matter within the discretion of appellant's attorney to determine what witnesses should be subpoenaed and called upon to testify, any disagreement with him on this subject should necessarily have been brought to the attention of the trial court in order that the defendant might urge the point on appeal. It is said in *People* v. *Roberts*, 197 Cal.App.2d 354, at page 361 [17 Cal.Rptr. 162]: "Appellant's counsel was diligent, and considering the tools and the facts with which he had to work he did a commendable piece of work. No complaint about counsel was made during the trial and had there been such it would have been unjustified. [Citations.]"

The next point raised by the appellant and the only

one which requires serious consideration under the authorities, is that the district attorney was guilty of prejudicial misconduct. In his argument to the jury, the prosecuting official said, "Now what type of a person is a person who possesses heroin? This is what you must consider in evaluating his testimony because that's the reason that it is in here. Now this is a person who either uses heroin or he sells heroin. And you have to evaluate—" At this point, defendant's counsel objected that this was improper argument saying that the court would instruct as to the effect of a previous conviction of a felony and that the district attorney was thus indicating that the previous conviction was a sign of continued criminality. The district attorney replied that he was talking about evaluating testimony, and the court said that the jury would be instructed that a previous conviction of a felony can be used for one purpose only. Somewhat later, the district attorney returned to this argument and, upon objection by defendant's counsel, the court said, "Yes, that's improper argument, Counsel; it is outside the scope of the instruction," and the district attorney said in reply, "I won't argue with the Court on it, Your Honor; I will defer to the Court." The respondent correctly points out that there was evidence in the record which would indicate that the defendant was familiar with heroin and that he had possessed it and presumably had used it. In testifying in his own behalf that he did not know what methadone was and that he had never used it the defendant had said ". . . the only thing I have experience with is heroin. That's the only thing I have experience with; what other people says, what they do is not—I don't know about it because I haven't used it myself. I have to go through that experience so I can answer that question." However, what the district attorney said in his argument was error in that it is improper for a jury to be told that it may judge the veracity of a witness by the mere fact that he uses or has sold heroin. Proof of the prior conviction for possession of heroin is in itself a ground for the formation of a judgment as to the veracity of the witness; but the use or sale of heroin is not a legal ground for discounting the veracity of a witness. The virtual withdrawal of the statement by counsel after the court indicated that it was erroneous and the ruling of the court presumably effaced whatever prejudice may have ensued from the use of this incorrect statement by the district attorney.

The appellant also complains that the district attor-

ney committed misconduct in his cross-examination of the defendant concerning whether he knew or had visited or had secured narcotics from one Frank Morales. Arguing that the questions, all of which were answered in the negative, implied the existence of facts which the prosecution had made no effort to prove (*People* v. *Hamilton,* 60 Cal.2d 105, 116 [32 Cal.Rptr. 4, 383 P.2d 412]; *People* v. *LoCigno,* 193 Cal.App. 2d 360, 377 [14 Cal.Rptr. 354]) appellant maintains that the only purpose such questions could have had was to suggest to the jury that appellant did in fact secure methadone from one Frank Morales in Fresno.

While cross-examination is one of the most powerful devices for eliciting the truth that mankind has invented, and while considerable leeway should be extended to the examiner with respect to the form of his questions on cross-examination, it is essential, in a criminal case, to carry forward the process with meticulous fairness to the accused.

It would be unfair for a prosecuting official in the absence of good faith and some actual substantiating knowledge to suggest by the employment of questions of this type that facts existed derogatory to the defendant, which in fact did not exist. While a question is in itself not evidence, still it is difficult for a listener, be he juror or judge, to escape the imputation derived from the asking of the question even if the response is negative. Therefore, in fairness to the defendant, a prosecuting official should be most careful not to ask this type of question unless he has usable information to repel the effect of a negative answer on the part of the witness. Whether the district attorney was acting on pure supposition thus indulging in a "fishing expedition," or in fact had information which he did not later produce, we have no means of knowing, except that we are reluctant to indulge in an assumption that the district attorney was unmindful of his official duty. (Code Civ. Proc., § 1963, subds. 15, 33.) Furthermore, the defendant did not make any objection to any of these questions and in the normal case no advantage could be taken of any claimed error for the first time on the appeal. (*People* v. *Combes, supra,* 56 Cal.2d 135; *People* v. *Seiterle,* 59 Cal.2d 703 [31 Cal.Rptr. 67, 381 P.2d 947]; *People* v. *Ketchel,* 59 Cal.2d 503 [30 Cal.Rptr. 538, 381 P.2d 394].)

The appellant also asserts that the record does not sufficiently show that he was aware that the substance sold to

the state agent was a narcotic. A knowledge of the narcotic character of the substance must be shown. (2 Witkin, Cal. Crimes, Crimes Against Public Peace and Welfare, § 695, p. 636.) However, this knowledge may be proved by inference. In view of the fact that the state agent solicited the purchase of a narcotic and it was well understood by inference at least that the defendant was selling a narcotic, the jury had ample ground in common experience to infer that the defendant knew that what he was purporting to sell as a narcotic was in fact a forbidden substance.

The only errors in the record, consisting of improprieties on the part of the district attorney, are not sufficient to warrant a conclusion by this court that there was a miscarriage of justice (Cal. Const., art. VI, § 4½).

The judgment is affirmed.

Brown, (R. M.), J., and Stone, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 18, 1964.