**Nathaniel VINCENT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 67 C 240(2).**

United States District Court
E. D. Missouri,
Eastern Division.

July 31, 1967.

Nathaniel Vincent, pro se.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., for respondent.

### MEMORANDUM

MEREDITH, District Judge.

This case is pending on petitioner's application for a writ of habeas corpus and a request for an evidentiary hearing in connection therewith. This Court has jurisdiction under 28 U.S.C. § 2255.

Petitioner was indicted on two counts (violation of 26 U.S.C. § 4724(b) and of 21 U.S.C. § 174), tried by a jury, and convicted on both counts on January 16, 1964. He was sentenced to ten years on each count, sentences to run consecutively. On February 7, 1964, a motion for a new trial was filed, which motion was denied by the trial court and affirmed on appeal to the Eighth Circuit Court of Appeals, Vincent v. United States, 337 F.2d 891 (1964). Certiorari and rehearing were denied by the Supreme Court, 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281 (1965) and 381 U.S. 947, 85 S.Ct. 1775, 14 L.Ed.2d 713 (1965). After his motion to

reduce sentence under Rule 35, F.R.Cr.P., was denied on June 16, 1965, petitioner moved under 28 U.S.C. § 2255 to vacate and set aside the judgment and conviction. This motion was denied, and the denial affirmed on appeal to the Eighth Circuit Court of Appeals, 361 F.2d 474 (1966).

Petitioner now comes to this Court with a second motion under 28 U.S.C. § 2255. Successive motions under § 2255 are permissible "if the motion is not frivolous, malicious or vexatious and presents a new or dissimilar ground for relief available under § 2255." Lipscomb v. United States, 298 F.2d 9, at 11 (8th Cir. 1962). Petitioner alleges that the instructions given by the trial court were erroneous and that the error was so grievous as to vitiate due process of law, in contravention of the United States Constitution. This issue has not been raised in any of the prior proceedings and thus appears to conform to the standard set out in *Lipscomb*, supra.

After giving instructions regarding circumstantial evidence, presumption of innocence and burden of proof, the Court stated:

> "The defendant is presumed to be innocent of the charges against him set forth in the indictment, and that presumption is not a meaningless phrase to be cast aside. The presumption applies to every element of the charge against the defendant, and remains with him until after you have considered all the evidence in the case, and are satisfied beyond a reasonable doubt that the defendant is guilty of the charge as set forth in the indictment. There is no obligation upon the defendant to prove his innocence. The burden of proving the guilt of the defendant rests upon the prosecution. That burden never shifts, and that burden cannot be sustained, unless and until the proof offered by the prosecution in the case convinces you beyond a reasonable doubt of the guilt of the defendant.

> "The term 'reasonable doubt' which I have just used, has a very definite meaning. A reasonable doubt, as I use that term in this charge, means a doubt based upon reason, arising out of the evidence or lack of evidence in the case. A reasonable doubt is such a doubt as leaves a juror's mind so undecided that he does not have an abiding conviction of the defendant's guilt, after a full and fair consideration of all the evidence. That is, a settled conviction of guilt, which a juror believes will remain unshaken by future thought or reflection.

> "A reasonable doubt is such a doubt as would cause a reasonably thoughtful and prudent person to hesitate to act if confronted with a question of importance concerning his own affairs. But a reasonable doubt does not arise from mere conjecture, speculation, or whim, nor from reluctance to convict through feelings of sympathy or mercy. A reasonable doubt is a conscientious belief arising only after calm, dispassionate, and impartial consideration of all the evidence, that there is a reason to doubt the defendant's guilt.

> "Let me say to you further on this subject, members of the jury, that it is not necessary for the government to prove the guilt of the defendant beyond all reasonable doubt. If that were the rule, few men, however guilty they might be, would be convicted. In this world of ours it is practically impossible for a person to be absolutely and completely convinced of any fact, which by its nature is not susceptible to mathematical proof and certainty. In consequence, the law is such that in a criminal case it is enough that defendant's guilt be established beyond a reasonable doubt, and not all possible doubt."

The part of this instruction which petitioner objects is the statement "it is not necessary for the government to prove the guilt of the defendant *beyond all reasonable doubt*." (Emphasis added.) Taken in context, and especially in the light of the entire instruction, there is no error.

Had the instruction been erroneous, it would have been at most a trial error which should have been pointed out to the Court by way of motion for a new trial and/or appeal. A motion under § 2255 is not intended to serve as a substitute for appeal, and, thus, attempts to raise by collateral attack issues which should have been raised at the time of trial are not favored. Eisner v. United States, 351 F.2d 55 (6th Cir. 1965), and grounds which were apparent at the time the original appeal was taken cannot provide a basis for collateral attack on a motion under § 2255. Ingram v. United States, 299 F.2d 351 (5th Cir. 1962).

This is clearly not an issue properly raised by a motion under § 2255, the request for an evidentiary hearing will be denied and the petition for a writ of habeas corpus will be dismissed.