510

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELVIO ALLEN, Defendant-Appellant.

(No. 70-23; )

Second District—October 27, 1970.

E. Roger Horsky, of Defender Project, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (Gerald W. LaFayette, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of both unlawful possession and unlawful sale of heroin in a non jury trial, and was sentenced to 10 to 15 years in the penitentiary.

His appeal challenged the indictment for failure to allege the name of the purported buyer, the time and place of the offense more specifically, and to negative exceptions under the Narcotics Drug Act. (Ill. Rev. Stat. 1967, ch. 38, par. 22—3.) The defendant also claims error in the admission of photographs and urges that he was not proven guilty beyond a reasonable doubt.

■■ We hold that the indictment was sufficiently stated in the language of the statute. (*People v. Mills* (1968), 40 Ill.2d 4, 11.) The statute creating the offense makes no reference to the purchaser of the drug and his identity is not an element of the crime. It was therefore unnecessary to name the alleged buyer in the indictment. *People v. Adams* (1970), S. Ct. Docket No. 41446. The defendant was furnished the name of the informer-buyer on his motion so that he could not have been prejudiced in his defense or in his right to later plead double

jeopardy. See *People v. Petropoulos* (1965), 59 Ill.App.2d 298, 327; affirmed in *The People v. Petropoulos* (1966), 34 Ill.2d 179, 181; Ill. Rev. Stat. 1967, ch. 38, par. 111—3.

■■■ The indictment alleged that the possession and sale took place "on the 30th day of April, 1969, in the County of Winnebago, State of Illinois". Alleging the date of the offense and the county in which it was alleged to have occurred was a sufficient statement of time and place to support the indictment and a more specific marking of hour and location could have been secured by a motion for a bill of particulars. (*People v. Blanchett* (1965), 33 Ill.2d 527, 533; *People v. Stevenson* (1969), 107 Ill.App.2d 441, 445.) Defendant does not question this proposition but argues that the fact that defendant was not arrested until 7 days after the sale, coupled with the alleged vagueness of the indictment, deprived him of the opportunity to adequately defend against the charge. However, no particular prejudice has been shown in the record resulting from the interval between arrest and charge and the mere conclusion of prejudice in general terms raised for the first time on appeal presents no constitutional issue. A delay of one week between the date of the charged offense and arrest (made on the date the indictment was returned) is not unreasonable within terms of effective investigation and prosecution of narcotics cases. See *United States v. Napue* (7 CA-1968), 401 F.2d 107, 117.

Defendant has cited *United States v. Weaver* (4 CA-1967), 384 F.2d 879 and *United States v. Evans* (7 CA-1967), 385 F.2d 824 for the rule that any delay in arrest is forbidden in absence of a record which discloses a "valid police purpose" for the delay. We note that in *Weaver* a 16 day delay in executing a warrant on one whose residential address was not definitely known was held not to be unreasonable; and in *Evans* a 10½ month delay between the offense and the issuance of the complaint was similarly held to be reasonable under circumstances which indicated that defendant had extensive sources of narcotics in Mexico and California. Neither case, however, enunciates the rule that *any delay* must be affirmatively justified, and both acknowledge that time for reasonable investigatory activity does not result in denial of due process to a defendant.

■■ It was also unnecessary to negative the statutory exceptions in the indictment. (Ill. Rev. Stat. 1967, ch. 38, par. 22—44; *People v. Yeargain* (1954), 3 Ill.2d 25, 28.) *People v. Greer* (1960), 20 Ill.2d 370 cited by the defendant, does not support his position, inasmuch as the indictment in this case, as in *Greer*, alleged that the offense was in violation of the act, distinguishing *People v. Barnes* (1925), 314 Ill. 140, 143.

■■ Upon an examination of the whole record we conclude that the defendant was proven guilty beyond a reasonable doubt and had a fair trial free of any substantial error. Without detailing the evidence, the case is essentially one involving a "controlled buy" of narcotics by an addict-informer. The alleged transaction was observed from some distance by police officers in a special van who used binoculars and took photographs. Defendant argues, and we agree, that the testimony of an addict-informer is inherently suspect, and warrants close scrutiny. However, where such testimony, as here, is corroborated by other clear evidence, there is the necessary proof of defendant's guilt. *The People v. Greer*, 20 Ill.2d 370, *supra*, 373, 374; *People v. West* (1965), 60 Ill.App.2d 477 (Abst.)

■■ We have noted discrepancies in the testimony as to the distance of the police van from the transaction. The transaction was alleged to have occurred near the northeast corner of the 1000 block in North Main Street. An officer not present in the police van described its location in the same block, an evident error as this would have placed the observer in the van adjacent to the place of the alleged sale. The officers in the van both placed its location in the 900 block but differed in their estimates of the distance from the defendant and the informer, one testifying that they were approximately 75-85 feet away, the other, about 200 feet. However, both officers in the van testified to the exchange of the money and a "shiny object" and to the receipt from the informer, who had been kept continuously under observation, of two tinfoil packets, shown by the evidence to be heroin. While the quality of the photographs, taken with a telephoto lens, was poor we believe that they both illustrate and to some extent corroborate the testimony of the witnesses and were therefore properly admitted in the court's exercise of sound discretion. *People v. Speck* (1968), 41 Ill.2d 177, 202, 203; *People v. Walcher* (1969), 42 Ill.2d 159, 164.

■■ The defendant testified that he was merely borrowing money from the informer and denied the sale, so that essentially the issue of the weight to be given to the contrary testimony of the informer and to the evidence offered in corroboration was for the trial court to determine. We cannot say that there is a reasonable doubt of defendant's guilt which would justify reversal. *The People v. Lobb* (1959), 17 Ill.2d 287, 294.

The judgment below is affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J. concur.