Nathaniel VINCENT, Register No. 81889, Petitioner,

v.

R. I. MOSELY, Warden of the U. S. Penitentiary, Leavenworth, Kansas 66048

and

Joseph N. Shore, U. S. Board of Parole, Washington, D. C. 20537 (Chairman), Respondents.

No. 71 C 168(1).

United States District Court,
E. D. Missouri, E. D.

April 15, 1971.

Nathaniel Vincent, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondents.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on petitioner's motion for a writ of habeas corpus under the provisions of 28 U.S.C. § 2241. This motion will be treated as a motion to vacate sentence and judgment under 28 U.S.C. § 2255, which is the proper statute for the relief petitioner has requested. The petitioner is now serving a sentence of twenty years im-

**976**

prisonment on a verdict of guilty returned by the jury to two charges of violating the narcotics laws.

The facts in this case are fully set forth in the opinion of the Court of Appeals, Vincent v. United States, 337 F.2d 891 (8th Cir. 1964). It reveals that narcotics agents and police officers went to the St. Louis air terminal on September 19, 1963, and waited for petitioner's arrival on a plane from New York. As he came through the gate from the plane, he apparently recognized one of the officers as a law enforcement officer. He then stopped at a trash receptacle and threw away a small white package. The package was recovered and petitioner was simultaneously arrested as he started to walk away. The package was found to contain narcotics. Petitioner was taken to police headquarters where he admitted the transportation of the narcotics.

Petitioner was tried and convicted on two counts of an indictment: the first count charged that on September 19, 1963, he transported 5 grams, 209 milligrams, of heroin from New York to Missouri in violation of 26 U.S.C. § 4724(b); the second count charged that on the same date he received and concealed 5 grams, 209 milligrams, of heroin, knowing that the narcotic drug had been imported into the United States in violation of 21 U.S.C. § 174.

Conviction was affirmed, certiorari was denied, and a number of motions to set aside his conviction have been filed and overruled. The record of these proceedings may be found in the following files and reported opinions: 63 Cr 271, 65 Miscellaneous 4, 65 C 397, 70 C 109, 70 C 299, 337 F.2d 891; 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281; 381 U.S. 947, 85 S.Ct. 1775, 14 L.Ed.2d 713; 361 F.2d 474, and D.C., 271 F.Supp. 899.

■■ This collateral attack is based on the ground that there was "one act of allegedly transporting a quantity of narcotic drugs from one State to another. If the Govt., proved transporting the drug, it would necessitate proving pos-

session, therefore this would be one act, one offense, and should constitute one sentence."

This argument is without tenable basis under the decision in Gore v. United States, 357 U.S. 386, 389, 78 S.Ct. 1280, 1283, 2 L.Ed.2d 1405 (1958), which stated that "The fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several different regulatory controls single and identic." See also Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959); Worthem v. United States, 298 F.2d 814 (8th Cir. 1962); Williams v. United States, 292 F.2d 157 (8th Cir. 1961). Manifestly, a transportation of narcotic drugs involves elements of proof which are not essential in establishing possession of a narcotic drug, and vice versa, so that no question can exist as to their capacity to constitute distinct offenses under the narcotics control statutes. Accordingly, petitioner's motion will be overruled.