**Nathaniel VINCENT, Appellant,**

v.

**R. I. MOSELY, Warden of U. S. Penitentiary and Joseph N. Shore, U. S. Board of Parole, Chairman, Appellees.**

**No. 71–1494.**

United States Court of Appeals, Eighth Circuit.

Jan. 18, 1972.

Nathaniel Vincent, filed brief pro. se.

Daniel Bartlett, Jr., U. S. Atty. and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellees.

Before VAN OOSTERHOUT and STEPHENSON, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

This is a timely appeal by petitioner Vincent from final order of the District Court, 327 F.Supp. 975, dismissing his motion to vacate judgment and sentence. Vincent was indicted, tried and convicted on each of two counts, and sentenced to ten-years inprisonment upon each count, the sentences to be served consecutively. This court affirmed the conviction. Vincent v. United States, 8 Cir., 337 F.2d 891. The facts are fully set out in our affirming opinion.

Count I charged the defendant with transportation of heroin in violation of 26 U.S.C.A. § 4724(b). Count II charged the defendant with concealing the same heroin involved in Count I in violation of 21 U.S.C.A. § 174. We held, among other things, that the offenses charged in the separate counts were separate and distinct offenses.

Vincent's present collateral attack upon his conviction is based upon the

ground that the two counts with which he is charged occurred on the same date and involved the same heroin and that the transportation and concealment of such heroin constitute a single offense justifying only a single sentence. Vincent in support of his present contention that consecutive sentences are not warranted cites: (1) Comprehensive Drug Abuse Prevention and Control Act of 1970 (84 Stat. 1236). (2) Some legislation proposed to Congress, and (3) United States v. Madden, D.C.Okla., unreported.

 Section 1103(a) of the new Drug Control Act expressly provides that the Act is not to be applied retroactively. Proposed legislation in no way impairs the validity of the sentence imposed. Legislation is not effective until enacted. The *Madden* case is distinguishable. In that case, the court within the time provided by Rule 35, Fed.R. Crim.P., modified previously imposed consecutive sentences in the exercise of discretion granted him by such rule. In our present case, the time for a Rule 35 modification has long since expired.

The trial court as the basis for its dismissal states:

"This argument is without tenable basis under the decision in Gore v. United States, 357 U.S. 386, 389, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), which stated that 'The fact that an offender violates by a single transaction several regulatory controls devised by Congress as means for dealing with a social evil as deleterious as it is difficult to combat does not make the several different regulatory controls single and identic.' See also Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959); Worthem v. United States, 298 F.2d 814 (8th Cir. 1962); Williams v. United States, 292 F.2d 157 (8th Cir. 1961). Manifestly, a transportation of narcotic drugs involves elements of proof which are not essential in establishing

possession of a narcotic drug, and vice versa, so that no question can exist as to their capacity to constitute distinct offenses under the narcotics control statutes. . . ."

We agree. The judgment of dismissal is affirmed.