495 P.2d 158

**The STATE of Arizona, Appellee,**
**v.**
**John George QUANDT, Appellant.**

**No. 1 CA-CR 382.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 29, 1972.
Rehearing Denied April 25, 1972.
Review Denied June 13, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Machmer & Schlosser, Ltd. by Robert H. Schlosser, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal by defendant John George Quandt from a jury conviction of the crime of Possession of a Dangerous Drug, to-wit: LSD, in violation of A.R.S. § 32-1964, subsec. A, par. 7 and § 32-1975, subsec. B, as amended 1967, and from the judgment and sentence thereon of three and one-half to five years in the State Prison.

We shall state the facts briefly. Defendant was arrested July 14, 1970 in a restaurant in the vicinity of Thomas Road and Central Avenue in Phoenix. In his trouser pockets were found 200 LSD tablets, hidden in a gum wrapper. He was charged with possession of a dangerous drug.

Defendant did not testify at the trial. The State presented testimony from the arresting officer, and from the technician who analyzed the tablets and determined that they were LSD. Defendant presented testimony by the informer that a Mr. Stowe was the person who contacted him concerning the sale, and that he told the witness that the LSD would not be on his per-

2. *But cf.*, Jizmejian v. Jizmejian, 16 Ariz.App. 270, 492 P.2d 1208 (1972).

**34**

son but would be somewhere else, or in the possession of someone else.

Defendant first assigns as fundamental error the failure of the State to produce evidence that defendant did not come within any of the excepted categories contained in A.R.S. § 32–1965.[1] This statute provided that certain persons were authorized to have possession of the drug. Those so authorized included licensed physicians, veterinarians, drug salesmen, drug wholesalers and manufacturers. Defendant bottoms his assignment on the presumption of his innocence and on the fact that the State has the burden of proving every element of a criminal offense.

Defendant argues that his conviction must be set aside as there was no proof at trial that he was not a person in one of the categories excepted from the purview of A.R.S. §§ 32–1974 and 32–1975, subsec. B. In Hockett v. U. S., 265 F. 588 (9th Cir. 1920), cert. den. 254 U.S. 638, 41 S.Ct. 13, 65 L.Ed. 451, the appellants contended that the U.S. Attorney for the State of Arizona had failed to prove that the intoxicating liquor which was unlawfully transported into Arizona by the appellants had not been brought into the state for "scientific, sacramental, medicinal or mechanical purposes". The court held therein that the indictment charged conspiracy and that was all that need be stated on the information, but at trial the fact that the liquor could have been imported pursuant to an exception was a defense. We are unable to find any cases on point in Arizona. The case reporters, however, are replete with pronouncements by federal and state courts which have held that it is the defendant's responsibility to prove himself within the class of excepted people in cases involving use, possession or sale of dangerous drugs. United States v. Ramzy, 446 F.2d 1184 (5th Cir. 1971); Tritt v. United States, 421 F.2d 928 (10th Cir. 1970); Williams v. United States, 292 F.2d 157 (8th Cir. 1961); People v. Moore, 30 Mich.App. 451, 186 N.W.2d 788 (1971); State v. Alley,

Me., 263 A.2d 66 (1970); People v. Adams, 46 Ill.2d 200, 263 N.E.2d 495 (1970); Stanley v. State, 252 Ind. 37, 245 N.E.2d 149 (1969); Henley v. State, 387 S.W.2d 877 (Tex.Crim.App.1965); People v. Vasquez, 224 Cal.App.2d 206, 36 Cal.Rptr. 337 (1964).

■ Appellant relies heavily upon State v. Hunter, 102 Ariz. 472, 432 P.2d 22 (1967), which is distinguishable from the instant case. In that case a verdict of guilty of first degree burglary was reduced to second degree by our Supreme Court when it was determined on appeal that there was insufficient evidence as to the time the crime was committed. In Hunter the time of day was an actual element of the crime and was important in the determination of defendant's punishment. In the case at bar we are concerned with a classification of persons who are excluded from the coverage of the statute and not with an element of the crime for which the defendant was charged.

■■ Defendant next contends fundamental error because there was no proof that the act committed happened in the County of Maricopa, State of Arizona. This contention is not well taken as the record reflects ample testimony pertaining to the fact that the offense with which the defendant was charged occurred within Phoenix in the vicinity of north Central Avenue and Thomas Road. We are able to take judicial notice of the fact that Phoenix is in Maricopa County in the State of Arizona. State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967); Madison v. State, 21 Ariz. 407, 189 P. 429 (1920).

A review of the record proves that the actual criminal elements of A.R.S. §§ 32–1964, subsec. A, par. 7 and 32–1975, subsec. B, as amended 1967, were proved at the trial.

After considering the entire record we are unable to find fundamental error and therefore the judgment of conviction and sentence thereon are affirmed.

STEVENS, P. J., and CASE, J., concur.

1. This section, A.R.S. § 32–1965, was later repealed by Laws 1970, Ch. 156, § 23.