Filed 10/2/24  P. v. Xiong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>YOR XIONG,<br><br>Defendant and Appellant. | C099949<br><br>(Super. Ct. Nos. STKCRFE20120008239, SF120774A) |

Defendant Yor Xiong appeals the trial court's denial of his Penal Code section 1172.6 petition for resentencing at the prima facie stage.[1]  Counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Separately, defendant filed a supplemental brief raising three issues:  (1) The trial court did not conduct a hearing on his petition to dismiss his gun enhancement; (2) There is

---

[1] Further undesignated statutory references are to the Penal Code.

evidence that suggests he was not guilty of the underlying murder; and (3) The clerk rejected three motions he attempted to file.  We will affirm.

## I.  BACKGROUND

Defendant shot and killed the victim and then led police on a high speed police chase ending across the street from his home.  (*People v. Xiong* (2020) 54 Cal.App.5th 1046, 1048.)

In 2015, a jury found defendant guilty of murder in the first degree (§§ 187, subd. (a), 189), and found true the enhancement defendant personally discharged a firearm causing the victim's death (§ 12022.53, subd. (d)).  The jury also found defendant guilty of possession of a firearm by a felon (§ 29800), and felony evasion (Veh. Code, § 2800.2, subd. (a)).

The trial court sentenced defendant to 50 years to life plus two years eight months.

On direct appeal, a different panel of this court affirmed defendant's convictions, struck two 1-year prior prison term enhancements, and remanded the matter for the trial court to exercise its discretion regarding possible dismissal of the firearm enhancement under section 12022.53, subdivision (d).  (*People v. Xiong, supra*, 54 Cal.App.5th at p. 1082.)

On remand, the trial followed this court's directions to strike the section 667.5, subdivision (b) enhancements but left the remainder of defendant's sentence intact.

In 2023, defendant filed a petition for resentencing pursuant to section 1172.6.  The trial court appointed counsel to represent defendant.  The People filed a response arguing defendant was not eligible for resentencing and included this court's prior opinion.  The People also asked the trial court to take judicial notice of its file which included the jury instructions and verdict forms.  The People noted the jury was not instructed on any theory of felony murder or the natural and probable consequences doctrine.

2

In September 2023, the trial court held a hearing on the section 1172.6 petition. At that hearing, counsel noted on the record he did not intend to file anything else, and he believed the matter should be set for an order to show cause hearing. Defendant, however, told the trial court he had not received the People's briefing. The trial court continued the hearing and instructed defense counsel to provide his client with the brief.

At the continued hearing in October, defendant acknowledged he received the People's brief, but wanted more time to review the matter and said, "I would like to request a *Marsden* motion" because his counsel had not filed any opposition and had not communicated with him. The trial court explained the sole question to be resolved in defendant's section 1172.6 petition was whether he was eligible for resentencing. The trial court further explained that defendant's counsel was charged with deciding to file papers on his behalf or not and that counsel could have decided not to file something. The trial court expressed its tentative view defendant had not met his burden of establishing a prima facie case and that he was ineligible for resentencing. After this colloquy, defense counsel explained that he had informed the defendant it was his intention to submit the matter for decision on the petition and the People's response. When asked if he had any further comments, defendant responded, "No." The trial court then denied the petition finding the record of conviction established defendant was the actual killer and not eligible for resentencing.

Defendant filed a timely notice of appeal.

## II.  DISCUSSION

Because defendant appeals from a postconviction ruling, the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 do not apply.  (*Delgadillo, supra*, 14 Cal.5th at pp. 226, 231.)  Nevertheless, our Supreme Court has directed that, when a defendant files a supplemental brief in a postconviction appeal where appointed counsel finds no arguable issues, we must "evaluate the specific arguments presented in that brief," but need not conduct an independent review of the entire record.  (*Id*. at pp. 231-232.)

3

Defendant filed a supplemental brief that argues the trial court erred by not conducting a hearing on whether to dismiss his gun enhancement. He further argues evidentiary issues (lack of gunshot residue on his person and issues with a witness identification) suggested he was not guilty of the underlying murder. Finally, he claims the clerk improperly rejected three motions he attempted to file.

The order before us is the trial court's denial of defendant's petition under section 1172.6. A trial court may deny a petition for relief under section 1172.6 at the prima facie stage when the record of conviction establishes the petitioner is ineligible for relief. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) The record of conviction includes the instructions given to the jury and the jury's verdicts. (*People v. Harden* (2022) 81 Cal.App.5th 45, 50, 52-56; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.) If the record of conviction establishes that a petitioner, convicted of murder, is the actual killer, the petitioner is ineligible for relief as a matter of law. (*Delgadillo, supra*, 14 Cal.5th at p. 233; see § 188, subd. (a)(3).)

Here, the trial court instructed the jury that the prosecution had to prove defendant committed an act that caused the death of the victim and at the time he did so, he had actual malice. (CALCRIM No. 520.) The trial court further instructed the jury on first degree murder. (CALCRIM No. 521.) That instruction required the prosecution to prove defendant "acted willfully, deliberately, and with premeditation." The instruction defined the words "willfully," "deliberately," and "premeditation" to mean the prosecution must prove that the defendant intended to kill, that he carefully weighed the considerations for and against this choice, and, aware of the consequences, decided to kill before acting. (CALCRIM No. 521.) The trial court did not instruct the jury on the natural and probable consequences doctrine or on felony murder.

As instructed, the jury's verdict finding defendant guilty of first degree murder means the jury necessarily determined that defendant was the actual killer and he acted

4

with malice.  (See *Delgadillo, supra*, 14 Cal.5th at p. 233.)  For this reason, defendant was ineligible for section 1172.6 relief as a matter of law.  (*Delgadillo, supra*, at p. 233.)

Defendant argues that the trial court did not conduct a hearing on the dismissal of his gun enhancements and attempts to relitigate the facts of his trial by raising the lack of gunshot residue and issues with a witness identification.  These arguments are not cognizable in this section 1172.6 case.  "The mere filing of a section 117[2.6] petition does not afford the petitioner a new opportunity to raise claims of trial error . . . .  'The purpose of section 117[2.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' "  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)  Appealable claims are limited to the scope of the section 1172.6 motion.

Defendant's final argument is that the clerk wrongly rejected three documents he attempted to file in the trial court: (1) a May 22, 2023 document entitled "Motion for Appointment of Conflict-Free Counsel for Re-Sentencing Hearing;" (2) a June 12, 2023 document entitled "Motion for Filing of the Motion for Appointment of Conflict-Free Counsel;" and (3) a September 2, 2023 document entitled "Motion for Re-Sentencing per Penal Code § 1172.6, and S.B. [1]467."  Defendant attached copies of the documents and letters from the clerk returning them.

None of these documents are part of the record before us and we cannot consider them or this argument.  (*People v. Vasquez* (1964) 224 Cal.App.2d 206, 208 [It is elementary that an appellate court on an appeal from a conviction cannot review matters outside the record].)

5

## III.  DISPOSITION

The trial court's order denying the petition is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.