THE PEOPLE *ex rel.* Josiah Jourdan, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*holding of meeting to certify amount of road tax is mandatory.* The holding of the meeting on the first Tuesday in September for the purpose of certifying the amount of the road and bridge tax required is essential to the validity of the tax, and while the record of the commissioners may be amended, upon proof of the fact, to show that such meeting was held, yet oral proof of the holding of the meeting is of no avail unless the record be amended.

2. SAME—*commissioners must fix the rate at first meeting and not the amount.* Fixing the amount required for road and bridge purposes at the first meeting of the highway commissioners required by section 50 of the Roads and Bridges act is not a compliance with the provision of such section which requires them to fix the rate.

3. SAME—*what is not essential to validity of meeting to fix tax rate.* If the meeting of highway commissioners provided for by section 50 of the Roads and Bridges act of 1913 is held within the time required by law, it is not material that the clerk, in writing the record, designates the meeting as a special one, nor is it required that the record show that the meeting was called by the president or two of the highway commissioners.

4. SAME—*what record shows a sufficient determination of the tax rate.* A record stating that the commissioners of highways of a certain township "hereby certify that we require for road and bridge purposes and for the payment of outstanding orders drawn on the township treasury for the year A. D. 1915 the rate of sixty-one cents on each $100," shows a sufficient determination of the tax rate.

5. SAME—*when record of amount required is sufficiently certain.* A record showing that the commissioners of highways "do hereby certify that we have determined that the amount necessary to be raised by taxation in said town for the ensuing year for the proper construction, maintenance and repair of roads and bridges in such town is the sum of seven thousand dollars ($7000;) motion made and duly seconded that there be and is levied for the repair of roads and bridges the sum of $7000; motion carried," sufficiently shows that the amount determined upon for road and bridge purposes was $7000 and not $14,000.

6. SAME—*a judgment for road taxes should be limited to the portion of the objecting railroad company's property in the town.* A judgment for road and bridge taxes should be limited to the portion of the objecting railroad company's property in the town and not against all of the company's property in the county.

APPEAL from the County Court of Jasper county; the Hon. H. C. DAVIDSON, Judge, presiding.

GEORGE W. FITHIAN, (JOHN G. DRENNAN, of counsel,) for appellant.

CHARLES D. FITHIAN, State's Attorney, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On the application of the county collector for judgment and order of sale for delinquent taxes for the year 1914, appellant, the Illinois Central Railroad Company, objected to the road and bridge taxes of the towns of Crooked Creek, Wade, Fox, North Muddy and Willow Hill, in Jasper county. The county court overruled the objections and entered judgment and order of sale.

In the towns of Crooked Creek, Fox and North Muddy there was no record of any meeting of the commissioners of highways on the first Tuesday in September, 1914. Proof was made that such a meeting was held in each of these towns, but leave was neither asked nor granted to amend or supply the records of the respective boards of commissioners of highways showing that such a meeting was held at which appropriate action was taken to determine and certify the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges of the respective towns. The statute requiring the holding of the meeting on the first Tuesday in September is mandatory, and the holding of such meeting is essential to the validity of the tax. The fact that such meeting was held can be proven only by the records of the

commissioners of highways. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 270 Ill. 472.) The objection that the road and bridge taxes of these towns were invalid because of the failure of the commissioners of highways to hold meetings on the first Tuesday in September should have been sustained.

In the town of Fox the commissioners of highways at the August meeting did not determine the tax rate to be certified by them but fixed the amount of tax required at the sum of $3000. In the town of Willow Hill the commissioners of highways at the August meeting followed the same procedure and fixed the amount required at the sum of $2600. The objection that these taxes were invalid for the reason that the commissioners of highways fixed the amount required instead of the tax rate should have been sustained. *People* v. *Illinois Central Railroad Co.* 270 Ill. 485; *People* v. *New York Central Railroad Co.* 271 id. 231.

The road and bridge tax of the town of Wade was objected to upon the ground that the meeting held on August 22, 1914, purports by the record of the commissioners of highways to be a special meeting, and the record does not disclose that the meeting was called either by the president or by any two of the commissioners of highways. At this meeting the commissioners determined that they required for road and bridge purposes, for the year 1915, a rate of sixty-one cents on each $100. It was not necessary that any record be made of the fact that the president had called a meeting of the commissioners of highways for this purpose, (*People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516,) and it is immaterial that the clerk, in writing up the minutes of the meeting, designated it as a special instead of a regular meeting. The meeting was held within the time provided by statute, and proper action was taken at that meeting for determining and certifying the tax rate.

It was further objected that the record of this meeting is not sufficient to show a compliance with the statute. The

record is as follows: "We, the commissioners of highways of Wade township, hereby certify that we require for road and bridge purposes and for the payment of outstanding orders drawn on the township treasury for the year A. D. 1915 the rate of sixty-one cents on each $100." The only objection made to this record is that it does not show a determination of the tax rate to be certified to the county board. While it is not expressly stated in this record that the commissioners determined upon a rate of sixty-one cents on each $100 as the tax rate to be certified to the county board, the record as made can mean nothing else, and is therefore a sufficient compliance with the statute.

The following is the record of a meeting held on the first Tuesday in September by the commissioners of highways of the town of Wade: "We, the commissioners of highways of the town of Wade, in said county, do hereby certify that we have determined that the amount necessary to be raised by taxation in said town for the ensuing year for the proper construction, maintenance and repair of roads and bridges in such town is the sum of seven thousand dollars ($7000.) Motion made and duly seconded that there be and is levied for the repair of roads and bridges the sum of $7000. Motion carried." It is objected that it is impossible to determine from this record whether the commissioners fixed upon the amount of $7000 or of $14,000 to be raised by taxation for road and bridge purposes. There can be no question as to the proper construction and meaning of the record of this meeting or of the action taken by the commissioners. The amount fixed as necessary to be raised by taxation for the construction, maintenance and repair of roads and bridges in the town of Wade was $7000. That is the amount certified by the commissioners of highways to the board of supervisors and is the amount extended upon the tax books. The objections to the road and bridge taxes of the town of Wade were all properly overruled.

It is further contended that the judgment is erroneous for the reason that it is against all the property of the appellant in the county for the taxes levied by the several townships, whereas, if the people are entitled to a judgment, it should be against the property of appellant in each township for the tax levied by that township. The judgment and order of sale are against all the property of appellant and are erroneous in that particular.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objections to the road and bridge taxes of the towns of Crooked Creek, Fox, North Muddy and Willow Hill, to overrule the objections to the road and bridge tax of the town of Wade, and to enter a proper judgment and order of sale against the property of appellant within the town of Wade.

*Reversed and remanded, with directions.*