**Hardware Mutual Casualty Company, Appellant, v. John Baldus and Earl Ohlendorf, Appellees.**

May term, 1942.     Heard in this court at the Opinion filed November 2, 1942.

JOHNSON & JOHNSON, of Belleville, for appellant.

L. N. NICK PERRIN, JR. and RUSSELL H. CLASSEN, both of Belleville, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This suit was commenced in justice court by Hardware Mutual Casualty Company, appellant (hereinafter designated as plaintiff), against John Baldus, and Earl Ohlendorf, appellees (hereinafter designated as defendants). There the issues were decided in favor of defendants, and appeal taken to the circuit court of St. Clair county. A trial *de novo,* before the court, resulted in a judgment for defendants and against plaintiff for costs and in bar of action.

The action arose out of a collision between an automobile operated by Charles Hemann, Sr., and one operated by defendant, Earl Ohlendorf, in which defendant John Baldus was a passenger. The suit is based on damage to the former car. The automobile driven by the said Hemann was the property of Adolph Ohlendorf, Jr. (not related to defendant of the same name).

Plaintiff company carried the policy of insurance upon the automobile of Adolph Ohlendorf, Jr., which policy contained a subrogation provision subrogating plaintiff to the rights of insured in the event of payment under the collision loss clause. This gave plaintiff its right to institute suit against defendants.

At the close of plaintiff's testimony, the court allowed a motion to dismiss, as to both defendants, and judgment entered against plaintiff for costs of suit.

It is not necessary to discuss the facts involved in the accident, for it is not relied upon as error, that the judgment of the court was against the manifest weight of the evidence.

It is contended that the court erred in refusing plaintiff's offer of proof as to damages. In offering the proof, plaintiff proceeded upon the theory that the proper measure of damages was the difference between the fair cash market value of the car prior to the time of the accident, and its fair cash market value immediately after the collision. The witness, Ernest Schmidt, garageman to whom the question was submitted, testified that the car could be repaired. When personal property has been injured by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs. *Latham v. Cleveland, C., C. & St. L. Ry. Co.*, 164 Ill. App. 559; *McDonell v. Lake Erie & Western Ry. Co.*, 208 Ill. App. 442; *McNamara v. Melson*, 237 Ill. App. 279.

It is relied upon for reversal that the court erred in refusing to admit plaintiff's exhibit 2 in evidence, which was an estimate of repair costs for the repair of the automobile in question. It was attempted to have the witness Ernest Schmidt, on behalf of plaintiff testify with reference to this. The estimate of probable cost to repair the car was made by the Wagner Motor Co. The rule of evidence commonly known as "the best evidence rule"—one which from early times has been repeatedly enunciated by the courts, is that the highest degree of proof of which the case is susceptible must, if accessible be produced. 22 C. J. 974. *Gross v. Thornson's Estate*, 286 Ill. 185; *People v. Illinois Cent. R. Co.*, 272 Ill. 116; *Anderson v. Irwin*, 101 Ill. 411. Witness did not prepare the estimate, did not make the repairs to the automobile at the time, and plaintiff's exhibit 2 was not the best evidence. The court did not err in refusing to admit this.

Inasmuch as there was no competent evidence of the extent of damages to the automobile in question, the court did not err in entering judgment in favor of

defendants and in bar of the action. Therefore, the question of the alleged error in the dismissal of defendant Baldus, because in the opinion of the trial court there was no question of agency established by the evidence, need not be discussed.

We find no reversible error and the judgment of the lower court will be affirmed.

*Affirmed.*