211 P.2d 467

**STATE v. HOWE.**

No. 995.

Supreme Court of Arizona.

Nov. 14, 1949.

J. Frank Gibson and Marvin Johnson, of Phoenix, attorneys for appellant.

Fred O. Wilson, Attorney General, Chas. Rogers, Assistant Attorney General, Maurice Barth, Assistant Attorney General, Douglas Clark, Deputy County Attorney, of Phoenix, attorneys for appellee.

UDALL, Justice.

The defendant, Carl Howe, was convicted by a Maricopa County jury of receiving stolen property, a felony, Sec. 43-115, A.C.A.1939 and he appeals from the judgment and sentence thereafter imposed by the court. The record discloses that at the close of the State's case the defense moved to dismiss the information on the ground that the State had wholly failed to prove venue and hence the court was without jurisdiction of the purported crime. The defendant's sole assignment of error is predicated upon the trial court's denial of this motion. It is the law that:

"In so far as venue in a criminal case is concerned, the crime must have been committed within the boundaries of the county to give the superior court jurisdiction to try it; * * *." Sam v. State, 33 Ariz. 383, 265 P. 609, 619.

In the instant case, up to the time the State rested, the direct question was not asked as to the city or county in which the alleged criminal transaction occurred. As was stated in Quayle v. State, 19 Ariz. 91, 165 P. 331, 336:

"* * * The matter (of venue) could have been readily established by the simple means of a few questions. It is an inexcusable neglect for the prosecution to omit

direct proof of the venue in the trial of every criminal case, and trust to the uncertainty of the proof of facts from which the venue may be inferred; yet sometimes this occurs, and this is one of the times of its occurrence. * * *."

However, it does not necessarily follow that a failure to offer direct proof of venue is fatal to an affirmance, for in the case last cited this court found the evidence was ample from which a jury could reasonably have drawn an inference that the crime was committed in Navajo County.

The Supreme Court of Oklahoma lays down what we consider to be correct rules.

" * * * The venue in a criminal case may be established by circumstantial evidence." Evinger v. State, 57 Okl.Cr. 63, 45 P.2d 552, 559.

And from the court's syllabus in McColloch v. State, 45 Okl.Cr. 442, 283 P. 1026, we quote:

"It is the better practice for the state to prove venue by direct evidence, yet if venue is proven by circumstances or by indirect evidence, or if there be proof of facts from which the court takes judicial knowledge of venue, it will be sufficient." See also Underhill on Criminal Evidence, Third Ed., Sec. 86, p. 81; 8 Cal.Jur., Criminal Law, Sec. 250.

The learned trial court at the time of determining the motion for dismissal doubtless took cognizance of these principles of law. There was then in evidence testimony from the minors who had admitted stealing some 350 lbs. of caulking lead from the Edwards Plumbing Supply, located at 1909 East Washington Street in Phoenix, Arizona. They further testified that the lead was sold and delivered to the defendant at his place of business "across the tract on Fortieth Street and West about a block and a half". One of the boys, George Smith, testified that at that time he lived *here in Phoenix, Arizona, near Fortieth Street by the canal.* All of the boys further testified that they told the defendant where the lead came from, that it was stolen or "hot". They said the first lot was carried to the defendant's place of business on the handle bars of their bicycle, and that he loaned them a small wagon for the second trip a few days later. This proving unsuitable for their needs they obtained a little cart and within the space of a few hours transported the stolen property to this place. There are other facts and circumstances, which we deem it unnecessary to recite, from which the venue of the offense in Maricopa County may be inferred or judicial notice taken thereof. The court did not err in denying the motion to dismiss.

Even though this evidence were held to be insufficient to establish venue, it would avail the defendant nothing on this appeal for the reason that whatever de-

ficiency existed in that respect was immediately supplied by the defendant when he took the witness stand in his own behalf. We quote from his testimony on direct examination:

"Q. Where do you live, Mr. Howe? A. Thirty-ninth and Harrison Street.

"Q. Here in Phoenix? A. Yes, sir.

"Q. How long have you lived here in Phoenix? A. Fifteen years.

"Q. And what type of business do you do? A. Salvage business.

"Q. How long have you been engaged in this business? A. Fifteen years.

"Q. Here in Phoenix? A. In Phoenix."

In dealing with a similar situation in the case of Rain v. State, 15 Ariz. 125, 137 P. 550, 553, we laid down the following governing principle of law, viz:

"The appellant complains that the court should have granted his motion, and should have instructed the jury to acquit when the state rested its case in chief, for the reason the state had failed, when it rested its case in chief, to produce evidence sufficient to support a conviction. The appellant waived that error, if any, when he proceeded with the trial, after the motion was denied. In order to preserve the right to have such order reviewed, he should stand upon his motion. *Having voluntarily proceeded with the trial of the case, during the course of such proceeding other evidence was received; we must consider the whole case regardless of the state of the case when the prosecution rested.* If other evidence was offered by the state thereafter, which would cure the defects or omissions, if any, appearing in the state's case in chief, we must consider that such evidence was received for that purpose, although received out of its logical order. * * *" (Italics supplied.) See also the later case of Washington v. State, 46 Ariz. 446, 52 P.2d 476, to the same effect.

We hold that when a defendant elects to go forward with his proof and does not stand upon his motion, he takes the chances of having deficiencies in the State's case supplied by later testimony of either the defense or prosecution. The question of the sufficiency of the evidence to sustain the verdict or judgment is then determined on appeal by a consideration of all the evidence presented in the case. In further support of this ruling we cite the following cases: State v. Traver, 198 Minn, 237, 269 N.W. 393; State v. Golden, 216 Minn. 97, 12 N.W.2d 617; State v. Barry, 93 N.H. 10, 34 A.2d 661; White v. State, 219 Ind. 290, 37 N.E.2d 937; State v. Burney, 346 Mo. 859, 143 S.W.2d 273.

The appeal being wholly without merit the judgment of conviction is affirmed.

LA PRADE, C. J., and STANFORD, PHELPS, and DE CONCINI, JJ., concur.