265 P.2d 444

**STATE  v.  PRICE.**

No. 1042.

Supreme Court of Arizona.

Jan. 11, 1954.

386

I. B. Tomlinson, Bisbee, for appellant.

Ross F. Jones, Atty. Gen., Irwin Cantor and William T. Birmingham, Assts. to the Atty. Gen., Wes Polley, County Atty., of Cochise County, Bisbee, and Lloyd C. Helm, Dep. County Atty., Douglas, for appellee.

STANFORD, Justice.

Defendant (appellant) was charged with the theft of a calf and upon trial the jury returned a verdict of guilty, upon which the court sentenced the defendant to a term of imprisonment of not less than ten nor more than eleven years, from which judgment he has appealed to this court.

Testimony in the case showed that appellant was the owner of a small ranch situated in Cochise County, adjoining the property of the adjacent landowner and prosecuting witness, Andrew F. Hamilton. In April, 1952, Hamilton noticed that a cow and calf were missing from his herd. Later, the cow was found dead on the Hamilton property, and the calf in question was later found on the property of this appellant. Following this, Deputy Sheriff Pete Haverty of Cochise County made a trip with other officers to appellant's ranch and there found three cows and four calves. The three calves with their mothers were branded with the brand of appellant, but the fourth calf was without brand.

Appellant offers assignment of error number one, reading:

"The Court erred in, over objection of Defendant's counsel, admission of State's exhibit No. 1, and allowing it to go to the Jury as a substantive and independent piece of evidence. The correctness of said exhibit never by any means having been established."

Assignment of error number two reads:

"The Court erred in, over the objections of Defendant's Counsel, admission of State's Exhibit No. 2, on the grounds:

"*First,* It is not the best. evidence and sufficient foundation was not laid for its admission as secondary evidence.

"*Second,* It is real evidence and not in its original state, being in a changed condition.

"*Third,* The rule of Standard of comparison could not be applied."

The third assignment of error is a claim that the testimony adduced at the trial "failed to prove any venue". The other assignment submitted relates to the denial of a new trial for defendant.

Assignment of error number one goes to the admission in evidence of a plat showing a section of land, with the ownership thereof as to each 40-acre tract. If it were the purpose of the appellant to object to the plat to prove venue by showing the section, township, and range numbers, *i. e.,* Section 25, Township 18 south, Range 28 east, Cochise County, we find from the testimony that it was wholly unnecessary. Andrew F. Hamilton, who was the owner of the dead cow and the calf in question, testified concerning the dead cow, as follows:

Q. "And where was the cow located?"

A. "She was just inside of my pasture in the state land, in the south half section of this 25, almost middle-ways, and about 150 or 200 yards from the fence. Not over that. I don't know the exact distance. Couldn't be over 200 yards from the fence, I don't think. About middle-ways of the south side."

Hamilton further testified:

Q. "And will you state, if you know, without recourse to the plat (meaning exhibit A) who the owners of all or parts of section 25, township 18 south, range 28 east, Cochise County, are?"

A. "I own the south half, sir."

Q. "By virtue of what?"

A. "State land lease. I own the lease on the south half section of 25, and I own the southeast quarter of the northwest quarter of section 25, 40 acres; and the northwest quarter of the northeast quarter of section 25. * * *"

Following this, witness Hamilton testified as to the ownership of other lands, including land of this appellant.

■ This court takes judicial notice of the fact that the township and range referred to by witness Hamilton is in Cochise County, Arizona.

■ Further, on the subject of the admission of the plat, the plat was used more as a blackboard than as a map, and different colored crayons were used by certain witnesses to illustrate locations, and the attorney for appellant in cross-examination of the State's witnesses used the plat. We find no error in receiving in evidence this exhibit one.

Referring to the basis for assignment of error number two, which is a piece of cowhide containing the brand called "A swing-

ing H", appearing on the brand certificate of the Livestock Sanitary Board as $_H A$, Hamilton further testified:

> Q. "And sometime subsequent to April, 1952, did anything peculiar or unusual happen to any of those animals?"

> A. "Yes, sir. I turned up missing a cow and a calf."

Hamilton identified the dead cow as his own cow, and the calf, which was without a mother in the pasture of this appellant, as his calf. Frank Price, a neighbor, who viewed Hamilton's stock almost daily, testified that the dead cow was Hamilton's and that this cow had a calf marked similarly to the dead cow. Hamilton, and several other witnesses testified to the markings of the cow and the nearly identical markings on the calf. At the close of the case, the jurors were allowed to see the calf in question, which was in a trailer behind the courthouse.

Shortly after the discovery of the dead cow, Frank Price and Deputy Sheriff Pete Haverty, in company of others, went to see the dead cow, and while there in their presence, Haverty cut out a portion of the hide containing the brand, and this was admitted in evidence.

On one of the occasions when the deputy sheriff and others went to see this appellant at his ranch, he told them, on being questioned, that the mother of the calf was dead and that he was the owner of the calf, and he said that he would take them to the place where she was lying. He did so. This was the same cow from which the hide and brand were cut. On a later occasion, however, when the deputy sheriff went to see defendant in company with a veterinarian, appellant Price had the calf in a small corral with a young cow. He claimed that this cow was the mother of the calf in question; however, he refused to allow the veterinarian to make an examination of the cow unless they let appellant kill it first. From the observation the veterinarian did make, however, he testified that the animal was a heifer and that she apparently had lost or "slunked" her calf, i. e., the calf was prematurely born; also, her coloring was not the same as that of the calf in question.

Testimony showed that the body of the dead cow had become decomposed; much of it was still in place but portions of the hide and some of the bones were scattered, and the carcass was worm infested; that it was impossible to bring the entire hide.

We can find no prejudicial error in the admission into evidence of this piece of hide carrying the brand. Generally stated, the best evidence rule requires that the highest degree of proof of which a case is susceptible must be produced, *if such proof is accessible*. Hardware Mut. Casualty Co. v. Baldus, 316 Ill.App. 283, 44 N.E.2d 947, 948. Such was not the case here. The cow had been dead several months at the time the brand was cut there-

from, and the body and much of the hide was in such condition that it would have been ridiculous to bring it into court. As to exhibit number two being secondary evidence, the above reasons for bringing only the portion of the hide with the brand on it were shown, and testimony as to the circumstances surrounding the gaining of the exhibit was shown. As to a portion of the hide as compared to the entire hide being evidence in a changed condition, we quote from 20 Am.Jur., Evidence, Section 719, p. 602:

"* * * The circumstance that any such articles have been altered before they are offered in evidence does not necessarily affect their admissibility, where there is no evidence that there has been any illegal tampering with them and such alterations do not obliterate or change the condition which is sought to be shown." (Citing cases).

Such is the case here. We stated in Witt Ice & Gas Co. v. Bedway, 72 Ariz. 152, 156, 231 P.2d 952, 955, quoting favorably Allen v. Porter, 19 Wash.2d 503, 143 P.2d 328, 331:

"'* * * An exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given and when it is stated to be in the *same condition* as at the time of the occurrence in question. * * *'" (Emphasis supplied.)

And as to "same condition", we stated further in the above case:

"* * * It is not necessary that the article be *identically the same* as at the time in controversy * * *." (Emphasis supplied.)

Therefore, the portion of the hide with the brand thereon was properly admitted into evidence. Accordingly, we hold that the testimony is sufficient to show that exhibit number two was taken from the hide of the cow which was identified as the property of Mr. Hamilton and was identified as being the mother of the calf in question.

By virtue of the foregoing, it is unnecessary to consider the fourth assignment that the lower court erred in denying a new trial to the defendant. Appellant was represented by able counsel, and we find no prejudicial error committed in the trial of this case.

Judgment affirmed.

P H E L P S, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.