412 P.2d 875

**STATE of Arizona, Appellee,**

v.

**Bertram GORDON, Appellant.**

**No. 1 CA–CR 55.**

Court of Appeals of Arizona.

April 7, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Richards & Heilman, by Harlan Heilman, Yuma, for appellant.

DONOFRIO, Judge.

Appellant, Bertram Gordon, hereinafter referred to as defendant, was charged with the crime of Grand Theft by Embezzlement, a felony, in violation of A.R.S. §§ 13–681 and 13–682. He was tried before a jury in the Superior Court of Yuma County, found guilty and thereafter sentenced to serve a term in the State Prison. Defendant filed notice of appeal in propria persona and at the same time filed a pauper's oath. Counsel was appointed pursuant to A.R.S. § 13–161 to prosecute this appeal.

The facts necessary to determine this appeal will be set forth in the discussion of the issues hereinafter set forth.

█ The defendant admits that he failed to preserve any error for our review but brings this appeal to us on fundamental error. The Court must search the record for fundamental error in all criminal appeals, A.R.S. § 13–1715.

Defendant urges it was fundamental error for the trial court to submit the cause to the jury since there was no proof of venue, i. e., that the crime was committed in Yuma County, Arizona.

The evidence shows that defendant and Mr. Garza, the complaining witness, had been discussing the possibility of defendant acquiring for Mr. Garza a truck for purposes of hauling melons. Defendant had located a suitable truck in Phoenix and after having a mechanic check it out, Mr. Garza made arrangements to purchase the truck. The evidence further discloses that defendant, who lived in Phoenix, came to Yuma to obtain the money in order to pay for the truck. The money was given to defendant at Mr. Garza's home. The exact location of the home was not established. However, this does not mean that the State's case must fail. In State v. Howe,

**194**

69 Ariz. 199, 211 P.2d 467 (1949), the Supreme Court stated:

"It is the better practice for the state to prove venue by direct evidence, yet if venue is proven by circumstances or by indirect evidence, *or if there be proof of facts from which the court takes judicial knowledge of venue,* it will be sufficient." 69 Ariz. at 201, 211 P.2d at 468 (Emphasis supplied.)

Mr. Garza stated he was the manager of Valley Sprays Industry and had been employed in the Yuma area for the last five years. Defendant on direct examination stated:

"A. After I went to Phoenix I got a phone call at approximately nine, nine-thirty in the morning.

Q. Was that the next day, or when was it in relation to the time you got the money?

A. It was the same day, as I got back from Yuma."

■■ Defendant by his own testimony places himself in Yuma at the time he received the money which is the basis of the charge herein. We may take judicial notice of the fact that the town of Yuma is located in Yuma County. Madison v. State, 21 Ariz. 407, 189 P. 429 (1920). The location of the place where the money exchanged hands was not contested and we will not reverse for failure to make this formal proof when the evidence shows that it occurred at a place which is within the knowledge of the court and jury to be in Yuma County. It is our opinion that the record is sufficient to establish the commission of the crime in Yuma County.

■ Defendant next urges that the court failed to give an instruction on defendant's theory of the case that he had no criminal intent, and by so failing committed fundamental error. We cannot find where defendant requested any instruction on his theory of the case, however, we have examined the instructions to see if they cover and fairly state the law in this regard. The court instructed on intent by giving the usual standard instruction which is in the language of A.R.S. § 13-131. We have compared the instruction with the statute and find that the exact language of the statute was used. When this instruction is considered with the other instructions as a whole, we find that the law is fairly stated and that the question of intent is covered. This case is similar to State v. Johnson, 99 Ariz. 52, 406 P.2d 403 (1965), where the court found no fundamental error.

Affirmed.

STEVENS, C. J., and CAMERON, J., concurring.