430 P.2d 139

The STATE of Arizona, Appellee,
v.
Robert E. PHILLIPS, Appellant.
No. 1700.

Supreme Court of Arizona.
In Division.
July 7, 1967.
Rehearing Denied Sept. 19, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Pasquale R. Cheche, Phoenix, for appellant.

BERNSTEIN, Chief Justice.

Defendant appeals from convictions rendered in the Superior Court of Maricopa County on three counts of lewd and lascivious acts in violation of A.R.S. § 13–652 and three counts of child molestation in violation of A.R.S. § 13–653.

On July 7, 1965, the defendant, Robert Phillips, drove a girl named Katherine to her father's place of employment. On the return trip home he stopped his car at the side of the road and induced Katherine, an eight year old child, to commit fellatio upon him. While she was performing this act the defendant molested her by placing his finger into her private parts.

The following day the defendant took Katherine and her nine year old sister, Wilma, along with members of his own family on an overnight trip to Lake Pleasant. During the evening hours the defendant persuaded Katherine and her sister to commit fellatio upon him. Shortly thereafter, he physically assisted his nine year old stepson in an attempted act of sexual intercourse with each of the two sisters. While so doing he molested the two girls by fondling their private parts.

On appeal the defendant contends that prejudicial error was committed when evidence was introduced by the state relating to prior similar offenses performed by him. The general rule is that in the prosecution of a particular offense evidence of another crime entirely distinct and independent of that for which the defendant is being tried is neither relevant nor admissible unless proof of one tends to establish the other by showing, for example, motive, intent, absence of mistake or common scheme or plan. State v. Daymus, 90 Ariz. 294, 367 P.2d 647; State v. Martinez, 67 Ariz. 389, 198 P.2d 115; Taylor v. State, 55 Ariz. 13, 97 P.2d 543. However, in the area of unusual sex offenses this court has recognized a specific exception to the rule. In State v. McDaniel, 80 Ariz. 381, 388, 298 P.2d 798, 802, we said:

"* * * Certain crimes today are recognized as stemming from a specific emotional propensity for sexual aberration. The fact that in the near past one has given way to unnatural proclivities has a direct bearing upon the ultimate issue whether in the case being tried he is guilty of a particular unnatural act of passion. The importance of establishing this fact far outweighs the prejudicial possibility that the jury might convict for general rather than specific criminality."

The case at bar falls squarely within this exception.

Defendant next contends that his right to a trial in the county where the crimes occurred was violated. Since the crimes were committed in two places we shall discuss the proof of venue as to each locus.

■■■ The defendant first argues that the state failed to prove that his trip with Katherine to her fathers's place of employment was within Maricopa County. However, the defendant fails to recognize his own testimony regarding this incident. He testified as follows:

"Q   And what route did you take?

"A   Well, I usually go to 43rd and go across to Van Buren and down Van Buren past 67th Avenue to Mr. Henegar's place of business.

"Q   And is that the route that you took this time?

"A   Yes, sir.

\*     \*     \*     \*     \*     \*

"Q   And what route did you take coming home?

"A   The same."

Once the defendant proceeds with his case we must search the evidence as a whole to determine the sufficiency of the proof. State v. Villegas, 101 Ariz. 465, 420 P.2d 940; State v. Gordon, 3 Ariz.App. 193, 412 P.2d 875. Here we find that the testimony of the defendant clearly shows that the situs of the first two offenses was within Maricopa County.

■■■ The remainder of the charges arise out of an overnight trip to Lake Pleasant. As to these offenses the defendant contends that the trial court improperly took judicial notice of the fact that lower Lake Pleasant is in Maricopa County. Clearly the trial court can take judicial notice of outstanding geographical facts. State v. Price, 76 Ariz. 385, 265 P.2d 444;

Madison v. State, 21 Ariz. 407, 189 P. 429; State v. Gordon, 3 Ariz.App. 193, 412 P.2d 875. Moreover, we do not rely on the fact that the trial judge stated that he had personal knowledge of the location of the lake. Although it is usually desirable to prove venue by direct evidence, nonetheless, judicial notice or circumstantial evidence may be used as a substitute in a proper case. State v. Howe, 69 Ariz. 199, 211 P.2d 467. Therefore, we hold that no error was committed by the trial court in taking judicial notice of the fact that lower Lake Pleasant is in Maricopa County.

■■■ The defendant's next two assignments of error deal with whether the testimony of Katherine and Wilma is uncorroborated accomplice testimony. A person is an accomplice if he could be informed against for the same crime of which the defendant is charged. State v. Howard, 97 Ariz. 339, 400 P.2d 332. However, in order to consider children under fourteen years old as accomplices they must know the wrongfulness of their acts. A.R.S. § 13–135. In State v. Howard, supra, we found that a twelve year old girl knew that her lewd and lascivious acts violated the law. In the case before us, however, the eight and nine year old girls had no idea that their actions could get them into trouble with the police. The youthful age of the two sisters and their lack of sufficient knowledge, as shown in the record, regarding the criminality of their conduct leads us to the conclusion that they could not be accomplices to the lewd and lascivious acts.

■■■ In addition, these children are not accomplices to the charge of molesting. A.R.S. § 13–653 provides in part:

"A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person shall be guilty of a felony \*   \*."

It is clear from the language of the statute that the legislature intended that it protect children. Furthermore, it is illogical to assume a child can molest herself. An analogous situation arose in State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386, where we held that a minor could not be an accomplice of a defendant who was charged with the crime of inducing minors to violate narcotic drug laws.

■■■■ The defendant also contends that the trial court erred in admitting the testimony of his nine year old stepson. His argument is based on the proposition that the boy did not know the difference between truth and falsehood. The trial judge's ruling on the introduction of a child's testimony will not be disturbed unless it was a clear abuse of discretion. Davis v. Weber, 93 Ariz. 312, 380 P.2d 608. We find no abuse of discretion in this case.

■■■ The constitutionality of A.R.S. §§ 13–652 and 13–653 is next raised by the defendant. He claims that the child molesting statute is void for vagueness. This contention, however, was answered in State v. Berry, 101 Ariz. 310, 419 P.2d 337, where we held this statute constitutional as explicitly delineating what acts are condemned.

■■■ In addition, the defendant advances the proposition that both A.R.S. §§ 13–652 and 13–653 provide for cruel and unusual punishment and that a sentence of 54 years without the possibility of parole shocks the conscience of our society. We will not upset the sentence imposed by the trial judge as long as he stays within the statutory limits and does not abuse his discretion. State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386. Furthermore, in determining the proper sentence to impose the trial judge should consider the nature and circumstances surrounding the offense and the character of the defendant. State v. Quintana, 92 Ariz. 308, 376 P.2d 773; State v. Fenton, 86 Ariz. 111, 341 P.2d 237. It is our opinion that this type of sex crime requires the sternest of measures. The damage to the emotional well-being of the two little girls coupled with the number of times these offenses were committed by the defendant requires the conclusion that the sentence imposed was a just one.

■■■ Defendant's next contention is based on the proposition that he is being punished twice for the same act. A.R.S. § 13–1641 provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

The resolution of this issue depends solely on the interpretation of the word "act" in the statute. If the defendant had been charged with both child molestation and committing lewd and lascivious acts based on the act of fellatio alone then § 13–1641 would have been violated. State v. Ballez, 102 Ariz. 174, 427 P.2d 125; State v. Boodry, 96 Ariz. 259, 394 P.2d 196. However, in this case the defendant not only had these children commit fellatio upon him but he also committed the separate act of fondling their private parts. In People v. Slobodion, 31 Cal.2d 555, 191 P.2d 1, the California court, dealing with a similar set of facts, held that cunnilingus was a distinct and independent act from that of placing the private parts of one's body onto the private parts of the victim. We hold that here the offense of fellatio is distinctly separate from the act of child molesting.

■■■ Defendant's final contention is that the trial court erred in permitting the state to go beyond the proper limits of cross-examination regarding his prior conviction for violation of the Mann Act. The relevant testimony follows:

"Q Mr. Phillips, have you ever been convicted of a felony?

"A Yes, sir, I have.

**382**

"Q  And what felony was that?

"A  Mann Act.

"Q  And by Mann Act, do you know what, officially, the Mann Act is called?

"A  No.  *  *  *

"Q  *Is that felonious transporting and causing to be transported in interstate commerce a certain female for prostitution, debauchery or immoral purposes?*  (Emphasis added)

"A  I presume."

One of the questions that may be asked of a defendant who takes the witness stand and admits a prior felony conviction is the name of the crime.  State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081.  In this instance the state phrased the last question above in terms almost verbatim from the act.  The legal name for the White Slave Traffic Act is, "An Act To further regulate interstate and foreign commerce by prohibiting the transportation therein for immoral purposes of women and girls, and for other purposes."  36 Stat. 825 (1910), 18 U.S.C. § 2421.  In addition, the state may inquire into the nature of the crime.  State v. Sorrell, supra.  Because this question falls within both of these permissible areas of examination we find that the trial court was justified in allowing it.

■■■  Defendant also argues that his prior conviction in 1956 was too remote to be admitted into evidence.  Whether a conviction is too remote is within the discretion of the trial judge.  State v. Boodry, 96 Ariz. 259, 394 P.2d 196; State v. Barker, 94 Ariz. 383, 385 P.2d 516.  We do not find that he abused this discretion.

■■  We do not consider the last part of this assignment of error since no objection was made at the trial level.  State v. Favors, 92 Ariz. 147, 375 P.2d 260.

Judgment affirmed.

McFARLAND, V. C. J., and UDALL, J., concur.