454 P.2d 566

**STATE of Arizona, Appellee,**

v.

**Michael Allen MATTHEWS, Appellant.**

**No. 1589.**

Supreme Court of Arizona.

In Banc.

May 15, 1969.

Rehearing Denied June 10, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., Moise Berger, Maricopa County Atty., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

McFARLAND, Justice:

Michael Allen Matthews, hereinafter referred to as defendant, entered a plea of guilty to a charge of second-degree murder; he was thereafter sentenced to serve a term of not less than 85 years nor more than the balance of his natural life in the State Penitentiary. From the sentence of the court defendant appeals.

In a statement to the officers, defendant admitted he had an urge to kill the victim, Mrs. Zamborsky, before going to her home on the night of the murder. After defendant entered Mrs. Zamborsky's home through a window in her bedroom, he removed the mouthpiece of the telephone, took a .22 revolver from under her mattress which he knew would probably be there from previous conversations with her, took a spear gun (loaded it, cocked it and put it under the bed), and then waited in her closet. When the victim opened the closet door, he hit her on the head with the .22

revolver; the barrel broke, but he continued to hit her with the other part of the gun.

Officer John Fields testified that after the victim had fallen to her knees, defendant stabbed her twice with a knife. Defendant then obtained a shotgun and hit her on the back of the head with it. After the shotgun had broken, he used the remainder of it to hit her; after several blows he secured the harpoon gun and fired it into the base of her skull.

A juvenile hearing was held for defendant Matthews on May 11, 1964, at which time the following order was made:

"IT IS ORDERED criminal prosecution may proceed, and

"IT IS FURTHER ORDERED the minor be kept in custody *until the disposition of such matters as may be presented in the Courts,* and the petition for further handling in Juvenile Court is dismissed and the file retained." [Emphasis added.]

Defendant was subsequently charged that same day on a complaint filed in the justice court of northeast Phoenix precinct with the crime of murder. On the 19th of May 1964 there was a preliminary hearing, and defendant was held to answer. Thereafter defendant filed a writ of habeas corpus; the writ was granted, and it was ordered that defendant be released *without prejudice to proper action by the state to initiate a new preliminary hearing.*

On June 1, 1964, a complaint charging defendant with first-degree murder was filed. His arraignment was held on July 7, 1964, at which time he entered a plea of not guilty.

On November 13, 1964, a hearing on a motion to suppress was held; the motion was denied. At that time defendant withdrew his plea of not guilty and entered a plea of guilty to an amended information charge of second-degree murder.

Defendant first contends that he was not given an indeterminate sentence as required by Arizona Revised Statutes, Section 13-1643, and he further contends that the sentence was excessive.

Section 13–1643, A.R.S., reads as follows:

"A. When a person is convicted of a felony other than murder in the first degree and sentenced to imprisonment in the state prison, the court shall pronounce upon such person an indeterminate sentence of imprisonment in the state prison, *stating in such sentence the minimum and maximum limits thereof, fixing as the minimum a term not less than the minimum prescribed for the punishment of such offense, and as the maximum not more than the maximum prescribed for the punishment of such offense.*

"B. When a crime is declared punishable by imprisonment in the state prison for a term not less than a specified number of years, or not more than a specified number of years, the court may designate, in the sentence, such number of years as it deems proper as the maximum or minimum sentence." [Emphasis added.]

The sentence imposed in the case now before us meets the requirements of the above statute, providing for a maximum and a minimum sentence. If defendant were to receive maximum credit for good conduct and for labor as a trusty, his 85-year minimum sentence could be served in less than 36 years; his age would be 53 at that time.

Section 13–453, A.R.S., sets forth the punishment for second-degree murder as follows:

"B. A person guilty of murder in the second degree shall be punished by imprisonment in the state prison for not less than ten years."

The trial court imposed a sentence which falls within the statutory limits. The discretion as to the sentence to be imposed within statutory limits is vested in the court. State v. Fenton, 86 Ariz. 111, 341 P.2d 237; State v. Levice, 59 Ariz. 472,

130 P.2d 53. In State v. Quintana, 92 Ariz. 308, 376 P.2d 773, this Court said:

" * * * the penalty upon conviction of a crime is, within the limitations of statute, entirely within the sound discretion of the trial judge, and will not be modified unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. [Cases cited.]"

In the instant case, the court, in passing sentence, stated:

"The record may further show that it is the opinion of this Court that this killing was brutal and senseless; I find that the defendant is a cold-blooded killer; it is my recommendation that he never be released; and it is my belief that the facts in this case would fully support the death penalty."

■ This statement of the court shows that it not only considered the vicious circumstances of the murder, but also the necessity of restraining defendant for the protection of society. State v. Howland, 103 Ariz. 250, 439 P.2d 821. Considering all the facts and circumstances surrounding the commission of the crime, we find no abuse of discretion by the trial court.

Defendant contends that § 8–223, A.R.S., imposed a duty on the magistrate to obtain further juvenile court disposition before the filing of the June 1, 1964, complaint, and after the dismissal of the May 11, 1964, complaint.

As already stated above, at defendant's juvenile hearing held on May 11, 1964, it was ordered:

" * * * criminal prosecution may proceed, and

" * * * the minor be kept in custody *until the disposition of such matters as may be presented in the Courts*, and the petition for further handling in Juvenile Court is dismissed and the file retained."

■ We hold that the hearing of May 11, 1964, afforded adequate compliance with § 8–223, A.R.S. That section reads as follows:

"§ 8–223. Child charged with crime

"When a child under the age of eighteen years is charged with the commission of a crime or violation of an ordinance before a magistrate or justice of the peace, the magistrate or justice of the peace shall certify that the child is so charged, and shall transmit the records of the case to the clerk of the superior court, and thereupon the juvenile court shall exercise jurisdiction."

Defendant was provided with a juvenile hearing pursuant to § 8–223. The order of the juvenile judge states that criminal prosecution may proceed and the minor be kept in custody until the disposition of such matters as may be presented in the courts. There is no evidence that the trial court, in dismissing the May 11, 1964, complaint, intended to end criminal prosecution at that time. To the contrary, the order of dismissal provided that such dismissal would be without prejudice to proper action by the state to initiate a new preliminary hearing. "Such matters" relating to the charge of murder of Mrs. Zamborsky by defendant were still being presented in the courts in accordance with the order of the juvenile judge.

Neither can the argument be advanced that the juvenile judge had specific reference to the May 11, 1964, complaint in his order because the May 11 complaint had not yet been filed, according to the statement of facts as presented to this court by defendant himself.

We are satisfied that defendant was afforded due process of law, and was provided with a juvenile hearing as contemplated by A.R.S. § 8–223.

Affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., STRUCKMEYER and HAYS, JJ., concur.