516 P.2d 1222

**STATE of Arizona, Appellee,**

v.

**Jerry Darrel RICE, Appellant.**

**No. 2592.**

Supreme Court of Arizona,
In Banc.

Dec. 14, 1973.

Gary K. Nelson, Atty. Gen., by Ronald L. Crismon and Grove M. Callison, Asst. Attys. Gen., Phoenix, for appellee.

Lieberthal & Kashman by Howard A. Kashman, Tucson, for appellant.

HOLOHAN, Justice.

Jerry Darrel Rice was tried and convicted on four counts of child molesting (A.R.S. § 13–653) and three counts of lewd and lascivious acts (A.R.S. § 13–652).

At the trial, without a jury, it was established that the defendant committed the various acts with three sisters, ages nine, ten and eleven. The testimony showed that during a five-month period, between August and December, 1971, the defendant induced the victims into joining a so-called "sex club." Although neither force nor threats were used, the children participated in various unnatural acts with each other and with the defendant. At his urging the sisters posed for pictures showing them in the performance of these acts. The evidence also showed that the children submitted to the use of various devices intended to sexually excite them.

The activities were discovered by the children's parents in the latter part of December, 1971. At that time the victims' father illegally entered the defendant's premises and discovered a briefcase containing the devices, the candid photographs and magazine articles depicting individuals in various forms of sexual conduct. These latter items were marked for identification at trial but never introduced as evidence.

The victims testified that they knew the acts they were committing were wrong and that Rice had told them they could all get into trouble with the police if anyone ever discovered the activities of the "club."

After judgment of guilt and an aggravation and mitigation hearing, the trial court sentenced the defendant to terms of not less than 75 years nor more than life on each of the seven counts. The sentences are to run concurrently.

The first issue raised on appeal is that the trial court erred in denying appellant's motion to suppress evidence. As to that issue, the appellant urges we ignore the longstanding decision of the United States Supreme Court in Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L. Ed. 1048 (1921). That decision held ille-

gally seized evidence is admissible when seized by a non-government agent who is not acting in concert with police. This type of activity and its fruits are not within the protection of the Fourth Amendment of the United States Constitution. We see no reason why this well-established rule of law should be disturbed. The State should not be condemned for the actions of a private individual and the courts do not, by using this evidence, condone the actions of the individual.

Appellant's second contention is that under the law of Arizona the three children involved are accomplices to the crimes of child molesting and lewd and lascivious conduct. It would follow, therefore, that their uncorroborated testimony would be insufficient to uphold a guilty verdict. The appellant relies on State v. Howard, 97 Ariz. 339, 400 P.2d 332 (1965).

*Howard* involved a charge of lewd and lascivious conduct with a twelve-year-old girl, and counsel for the defense urges we apply that decision to this case. While we have some doubts as to the capability of children of such tender ages as nine, ten or eleven to be accomplices, we do not have to reach that issue because the evidence provides independent corroboration of their testimony. This evidence consists of the candid photographs taken at the time the acts occurred. Following the statutory mandate of A.R.S. § 13–136 that "[t]he corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof," we must have evidence that directly connects the defendant with the crime. Exhibit No. 9 clearly shows the defendant with two of the girls —Sherry and Linda—engaging in lewd and lascivious acts. Exhibit No. 11 is a similar photograph of the defendant with the third girl, Glenda. Each exhibit gives a full-face view of the defendant and there can be no mistake but that it is he. Therefore, we have more than the circumstances of the crime or evidence of the crime itself. We have evidence that directly connects the defendant with the girls and the crimes. No more corroboration is needed.

We now turn to the child molesting charges. The appellant urges the standard on accomplices is also applicable for this crime. We disagree. A.R.S. § 13–653 was intended to protect a specific class of individuals—children. These children are victims and cannot be accomplices. Like victims in a statutory rape situation, victims of child molesting cannot consent to the crime. Thus A.R.S. § 13–136 cannot apply and testimony of the children need not be corroborated. Since the *Howard* case did not concern child molesting, it carries no precedent for these crimes. This rule of law is not a new one and has been stated by this Court in a series of cases. State v. Propp, 104 Ariz. 466, 455 P.2d 263 (1969) and State v. Phillips, 102 Ariz. 377, 430 P. 2d 139 (1967).

Appellant's third argument is that the two statutes he was convicted under are void for vagueness and in conflict with and superseded by another statute. His main question centers around the sentence portions of the statutes. A.R.S. § 13–652, as amended, authorizes

". . . imprisonment in the state prison for not less than five years nor more than life without the possibility of parole until the *minimum sentence* has been served." (Emphasis supplied.)

A.R.S. § 13–653, as amended, authorizes

". . . imprisonment in the state prison for not less than one year nor more than life without the possibility of parole until the *minimum sentence* has been served." (Emphasis supplied.)

The apparent intent of the statute is that there will be no possibility of parole until the minimum is served. What is the minimum? Is it the "not less than five years" as prescribed under A.R.S. § 13–652, the "not less than one year" prescribed under A.R.S. § 13–653, or is it the not less than 75 years given the defendant by the trial judge? This Court will interpret statutes to give them a fair and sensible meaning. Robinson v. Lintz, 101 Ariz. 448, 420 P.2d 923 (1966). It is our duty to look to the intent of the Legislature in interpreting the

statute. In re One 1965 Ford Mustang, 105 Ariz. 293, 463 P.2d 827 (1970). It is evident that the Legislature intended the minimum sentence to be that given by the trial court. The only proscription on the trial judge is that the minimum sentence cannot be lower than that specified in the statutes. Otherwise the statutes are to be read to include any term within the *prescribed minimum* and maximum. State v. Lewis, 109 Ariz. 466, 512 P.2d 9 (1973). Giving the statutes in question a fair and sensible reading we find no vagueness.

Concerning the question of whether the statutes are in conflict with and superseded by another statute, our duty is to harmonize statutes and we "will not construe a statute as repealed by implication" if we can avoid it. State ex rel. Purcell v. Superior Court, 107 Ariz. 224, 485 P.2d 549 (1971). A.R.S. § 31–411 A reads:

> "The board of pardons and paroles shall meet quarterly at the state prison and at other times deemed necessary. At such meetings every prisoner confined upon an indeterminate sentence, whose minimum term of sentence has expired, shall be given an opportunity to appear and apply for release upon parole, or for an absolute discharge. *Every other prisoner who has served one-third of the minimum sentence, computed without any time deductions credited, if he has served more than one calendar year, shall be given an opportunity to appear before the board and apply for release upon parole.* The board shall not entertain any other form of application or petition for the release upon parole or absolute discharge of any prisoner." (Emphasis added.)

It would therefore seem that this statute would make the defendant eligible for parole in 25 years or one-third of his minimum sentence while under the other statutes, his parole eligibility would not come about until his minimum sentence is served. Where we have a general statute and a specific statute that are in conflict, the specific governs. State v. Marcus, 104 Ariz. 231, 450 P.2d 689 (1969). This Court stated in *Marcus*:

> ". . . while it is a general principle that the most recent Act controls over the earlier Act, such is not invariably binding. Gustafson v. Rajkovich, 76 Ariz. 280, 263 P.2d 540, 40 A.L.R.2d 520. The controlling principle is that where a special provision of a statute deals with the same subject as a general statute, the special provision prevails. (Cases cited.)" 104 Ariz. at 234, 450 P.2d at 692.

There are other instances in the statutes where the Legislature has made specific provision for limitation on parole, i. e., crimes involving narcotics. See A.R.S. § 36–1002 A.

Here we have a general statute prescribing a time when convicts must come before a parole board and a specific statute prohibiting such action before the minimum term is served. The specific governs and the defendant will be eligible for parole when his minimum sentence is served.

Before moving on to another issue it is important to explain what we mean by serving the minimum sentence under these statutes. In some cases the Legislature has expressed its intention that conviction for some crimes will entail the serving of a sentence without the possibility of parole for not less than a certain number of years. A.R.S. §§ 36–1002 and 36–1002.01 are examples of such legislation. We find no such intention under the statutes in question. Both the deduction for "good behavior" (A.R.S. § 31–251) and the "double time" (A.R.S. § 31–252) deduction are matters of statutory right. Watson v. Industrial Commission, 100 Ariz. 327, 414 P.2d 144 (1966). Unlike the provisions of the Narcotic Drug Act, there is nothing in the statutes in question which would suggest that the Legislature intended to deprive a defendant of the special statutory credits provided in the foregoing sections. This leads us to the conclusion that the defendant will be entitled to the

statutory deductions from his minimum sentence and eligible for parole prior to the expiration of the 75-year minimum. Since parole is a matter of grace, the defendant may serve a much longer period than the minimum minus the deductions. State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968). It appears from the transcript that the trial judge was under the impression that the defendant would be eligible for parole under A.R.S. § 31–411 A in one-third of the minimum sentence. This is incorrect. For this reason, the case is to be returned to the trial court so that the trial judge may reassess his sentence in light of his announced intention. We do not intend to indicate any dissatisfaction with the sentence imposed, but it would appear proper for the trial court to have the opportunity to review the sentence in light of our holding, and resentence the defendant.

The next question presented is whether or not the defendant received an indeterminate sentence as required by A.R.S. § 13–1643. We think this contention is answered by our previous holding in State v. Matthews, 104 Ariz. 421, 454 P.2d 566 (1969) and by those things we have stated above.

 Finally, the defendant contends the sentence he received was unconstitutional in that it amounts to cruel and unusual treatment and that the trial court abused its discretion in imposing such a sentence. The argument is without merit. Sentencing, within the statutory limits, is not usually cruel or unusual treatment. State v. Maberry, 93 Ariz. 306, 380 P.2d 604 (1963). State v. Phillips, *supra*, and State v. Howland, *supra*, stand for the proposition that considering the nature of the offense and character of the defendant, such a sentence is not inappropriate. The *Phillips* case involved the same types of offenses we find here. The defendant was convicted of the crimes of lewd and lascivious acts and child molestation committed on two sisters. The trial court sentenced Phillips to a minimum sentence of 54 years. When the sentence was attacked on cruel and unusual punishment grounds, we said,

"It is our opinion that this type of sex crime requires the sternest of measures. The damage to the emotional well-being of the two little girls coupled with the number of times these offenses were committed by the defendant requires the conclusion that the sentence imposed was a just one." 102 Ariz. at 381, 430 P.2d at 143.

For the above stated reasons, the judgment of guilt is affirmed and the case is remanded for resentencing.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.