NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JASON LEE HARRIS, *Petitioner*.

No. 1 CA-CR 24-0416 PRPC

FILED 01-30-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-119881-001
The Honorable Jonathan Simon, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Jason Lee Harris, Buckeye
*Petitioner*

Jason B. Easterday, Phoenix
Maricopa County Attorney's Office
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

¶1        Jason Harris petitions this court to review the superior court's order denying his petition for post-conviction relief ("PCR"), which was filed under Arizona Rule of Criminal Procedure ("Rule") 33.1(d). We grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In 2023, police officers observed Harris sitting between two closed businesses with visible "No Trespassing" signs. Next to Harris was a glass pipe with a white, powdery substance and multiple lighters. Police arrested and searched Harris, locating two bags of methamphetamine in his sock. The State charged Harris with possession or use of a dangerous drug as a class 4 felony and possession or use of drug paraphernalia as a class 6 felony. Harris waived his right to a preliminary hearing and pled guilty to possession or use of a dangerous drug as a class 4 felony. Under the plea agreement terms, Harris agreed to serve 2.5 years' imprisonment, and the State agreed to dismiss count 2 and the alleged sentencing enhancements. The court accepted the plea agreement and sentenced Harris to 2.5 years' imprisonment with credit for 58 days' presentence incarceration.

¶3        Harris filed a *pro se* notice of post-conviction relief. The court appointed Harris counsel, but the appointed counsel could not identify any claims for relief. Harris then filed a *pro se* PCR petition.

¶4        In his petition, Harris alleged that he should receive drug possession earned release credits under Arizona Revised Statutes ("A.R.S.") § 41-1604.07(B)(1), 3 days of credit for every 7 days served. The State responded that the petition did not include evidence that Harris had completed a prison drug program that would qualify him for the credit. Harris replied and attached evidence that the Department of Corrections ("DOC") recognized that he had completed the prison drug program, awarded him the applicable credits, and updated his release date to February 5, 2025. Harris disputed the February 5 calculation and argued that the correct calculation was October 13, 2024.

2

¶5 The court denied Harris relief. The court noted that Harris had not provided details about his completed program. The missing information should have included when he started or completed the program, entitling him to the requested release credits compared with those credited by DOC. Instead, Harris requested that the court conduct "an independent audit of Defendant's time computation." The court refused such an "audit" because it did not have the "requisite information to do so." Based on the lack of information, the court determined that Harris had not shown that October 13, 2024, was the correct release date. Alternatively, the court noted that Harris was not entitled to PCR because the claim was premature under Rule 33.1(d). The court dismissed the petition.

¶6 Harris petitioned this court for review. We have jurisdiction under A.R.S. §§ 13-4031, -4239, and Rule 33.16.

## DISCUSSION

¶7 We review the superior court's denial of a petition for PCR for an abuse of discretion, *State v. Macias*, 249 Ariz. 335, 339, ¶ 8 (App. 2020), but review the interpretation of the Criminal Rules *de novo*, *State v. Mendoza*, 248 Ariz. 6, 14, ¶ 12 (App. 2019). On review, a petitioner must show that the superior court abused its discretion by denying the PCR petition. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). We review the court's legal conclusions *de novo*. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

### The Court Correctly Concluded That the Petition Was Premature.

¶8 Rule 32.1(d) provides for PCR if "the defendant continues to be or will continue to be in custody after his or her sentence expired." This provision includes "claims such as miscalculation of sentence or computation of sentence credits that result in the defendant remaining in custody when he or she should be free." Ariz. R. Crim. P. 32.1(d) cmt. Harris argues that it was error for the court to dismiss his petition as premature. We disagree.

¶9 Credits toward a sentence provided in statutes are matters of statutory right, *see State v. Rice*, 110 Ariz. 210, 213 (1973), and may only be forfeited following the provisions of the statutes, *State v. Davis*, 148 Ariz. 62, 65 (App. 1985). But the application of statutory credits is not self-evident. A.R.S. § 41-1604.07 provides:

> A. Pursuant to rules adopted by the director, each prisoner who is in the *eligible earned release credit class* shall be allowed an earned release credit as set forth in subsection B of this

section, including time served in county jails, except for those prisoners who are sentenced to serve the full term of imprisonment imposed by the court.

B. The earned release credit is:

1. Three days for every seven days served if the prisoner:

(a) Was sentenced to a term of imprisonment for the possession or use of marijuana pursuant to § 13-3405, subsection A, paragraph 1, the possession or use of a dangerous drug pursuant to § 13-3407, subsection A, paragraph 1, the possession or use of a narcotic drug pursuant to § 13-3408, subsection A, paragraph 1 or the possession of drug paraphernalia pursuant to § 13-3415.

(b) Has successfully completed a drug treatment program or other major self-improvement program provided by the department during the prisoner's term of imprisonment.

(c) Has not previously been convicted of a violent or aggravated felony as defined in § 13-706.

2. One day for every six days served if the prisoner was sentenced to a term of imprisonment for an offense not listed in paragraph 1 of this subsection.

(emphasis added).

¶10          Under A.R.S. § 41-1604.07, the first step in determining the statutory drug treatment credit is determining whether the inmate is or was

in an "earned release credit class."[1] If the inmate is in and remains in the class, he or she has a right to the drug treatment credit.

¶11        Rule 33.1(d) requires an inmate to show that he or she is in custody beyond the sentence imposed after considering the sentence and any applicable earned release credits. The Rule's requirement prevents advisory opinions because the court can only grant relief if the inmate has a right to be released. For example, an inmate may claim that DOC has miscalculated a future release date based on his or her current classification and compliance with the statutory requirements listed in A.R.S. § 41-1604.07. But such a claim depends on the inmate maintaining the current eligibility classification. *See* A.R.S. § 41-1604.07(D) ("On reclassification of a prisoner resulting from the prisoner's failure to adhere to the rules of the department . . . the director may declare all release credits earned by the prisoner forfeited."). Until a defendant reaches a release date with sufficient credits, a court cannot grant the defendant relief under Rule 33.1(d) because the director could rescind release credits based on the inmate's misbehavior. A claim is premature until a court can grant PCR under Rule 33.1(d).

**CONCLUSION**

¶12        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:
            JR

---

[1]      A.R.S. § 41-1604.06(A) provides:

The director shall develop and maintain an earned release credit eligibility classification system. Within such system, the director shall establish one class of earned release credit eligibility to be given effect as provided for in this section and as many other classes of noneligibility as he deems necessary or desirable. Each person committed to the state department of corrections shall be classified pursuant to the earned release credit eligibility system established by the director.